### EDWARD ALSTON v. COUNTY OF WARREN.

(Filed 2 October, 1929.)

**Taxation B a—Note secured by title retaining contract of sale of timber is subject to taxation as a solvent credit.**

> Where the grantors in a timber deed retain title as security for the payment of the purchase price, and the deed provides for payment as the timber is cut and removed and for the execution of notes for the deferred payments which were to be unaffected by failure to cut and remove the timber: *Held*, the notes thus given, being unconditional promises to pay money are solvent credits and subject to taxation under the provisions of chapter 102, Public Laws 1925, chapter 71, Public Laws 1927, providing for the taxation of solvent credits under the authority of our State Constitution, Art. V, sec. 3.

APPEAL by plaintiff from *Barnhill, J.*, at January Term, 1929, of WARREN. Affirmed.

Action to recover sums of money paid by the plaintiff under protest to the defendant, the sheriff of Warren County. These sums of money were paid in discharge of taxes levied upon certain notes owned by plaintiff on 1 May, 1926, and 1 May, 1927. These notes were assessed for taxation, as solvent credits.

Plaintiff alleged that said notes were not solvent credits, and that they were, therefore, not subject to taxation.

From the judgment upon the facts agreed, that plaintiff take nothing by his action, and that he pay the costs to be taxed by the clerk, plaintiff appealed to the Supreme Court.

*Murray Allen for plaintiff.*
*S. G. Daniel & Son, Williams & Banzet and Garland B. Daniel for defendant.*

CONNOR, J. The only question presented by this appeal is whether there is error in the judgment rendered by the Superior Court, to which plaintiff duly excepted. This judgment was rendered in accordance with the opinion of the court that upon the facts agreed the notes executed by Adams & Graham, Inc., and owned by the plaintiff, a resident of Warren County, North Carolina, on 1 May, 1926, and 1 May, 1927, were solvent credits, and, therefore, subject to assessment for taxation, under the laws of this State.

The Constitution of this State provides that "laws shall be passed taxing, by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and, also, all real and personal property, according to its true value in money." Section 3,

Article V, Const. of N. C. The General Assembly has from time to time enacted laws in accordance with this provision; such laws were in full force and effect on 1 May, 1926, and 1 May, 1927. Chapter 102, Public Laws 1925; chapter 71, Public Laws 1927. In each of these statutes the word "credits," as used therein, is defined as including "every claim or demand for money, labor, interest or valuable things, due or to become due, including money on deposit." Credits, as thus defined, are subject to assessment for taxation in the township in which the owner resides. It has been held by this Court that solvent credits are property, and like all other property are liable to taxation under our Revenue Laws. *Lilly v. Commissioners,* 69 N. C., 300. A note upon which the maker is personally liable for the payment of a sum of money to the holder, whether the note is due or to become due, or whether it is secured or unsecured, is a solvent credit, and as such is liable to taxation, under the Constitution and laws of this State.

The notes involved in this case were executed by Adams & Graham, Inc., and were owned by the plaintiff on 1 May, 1926, and 1 May, 1927. They were evidences of deferred payments, for which the said Adams & Graham, Inc., were liable to plaintiff, under the terms of a deed by which plaintiff and his sister had conveyed to the said Adams & Graham, Inc., certain timber, on land situate in Warren County, together with the right and privilege to enter upon said land and to cut and remove therefrom the said timber, at any time during a period of eight years from and after 6 March, 1926. The purchase price for the timber and rights and privileges conveyed by the said deed was paid, partly, in cash; it was agreed that the balance should be paid in sums and at dates set out in the deed, and that the deferred payments should be evidenced by notes. The notes owned by plaintiff and assessed for taxation were executed in accordance with this agreement.

The deed contains the following clauses:

"It is the purpose and intent of the parties hereto, and it is expressly understood that the timbers, right and privilege hereby conveyed shall be retained by the parties of the first part to secure and assure the payment of the notes mentioned herein, but the title to the timber cut and manufactured from such timbers shall be released in quantities equal to the payment then made under this contract upon the basis of $10 per thousand feet."

"Failure to cut and remove said timber within the time specified shall not in any way impair the validity of the notes given nor affect the liability of the makers thereof."

The effect of these clauses in the deed, construed in accordance with well settled principles and authoritative decisions of this Court, was, at most, to retain the legal title to the timber, and the rights and privileges

described therein, in the grantors, for the sole purpose of securing the payment of the notes executed by the grantee as evidence of its indebtedness to the grantors, and of its obligation to pay the balance due on the purchase price. *Stevens v. Turlington,* 186 N. C., 191, 119 S. E., 210, 32 A. L. R., 870. The notes, although thus secured, are clearly solvent credits, within the meaning of the statutes and of the Constitution of this State, and as such are liable to assessment for taxation. See *Rampton v. Dobson,* 156 Iowa, 315, 136 N. W., 682, 3 A. L. R., 569. In the instant case the deed is not an option to purchase, or a contract to sell; it is a conveyance of the property described therein, and passed title thereto to the grantee at the date of its execution. The grantee is liable for the payment of the balance due as the purchase price, in all events. The owner of the notes executed as evidences of the deferred payments to be made by the grantee, in accordance with the terms of the deed, has a claim or demand for money, which he may enforce against the maker. The notes are solvent credits, and as such are liable for taxation.

There is no error in the judgment, which is therefore
Affirmed.