Battle, J.
 

 The claim of the plaintiffs to the funds in controversy, is clearly sustained both by reason and authority.— This contest being between the personal representatives of a
 
 *36
 
 principal and agent for an amount of money which the agent had received for tire principal, which he always admitted to belong to the principal, the latter certainly has the right to claim what is conceded to be his own, so long as he can identify it. This proposition is too plain to be denied, but the counsel for the defendant, Fay, the administrator of the agent, insists that the money cannot be identified, because it was deposited in bank as an ordinary, and not a special deposit, to the credit of the agent, and that it thereby became the money of the agent, and he at the same time became the debtor of the principal for the amount. That cannot be, because it was deposited expressly as the money of the principal and not of the agent, and was placed by the latter to his own credit, solely for the purpose of enabling him to pay it with more convenience to his principal, or apply it to his use.
 

 Such being the state of the case, the rule applicable to it is, that “ a principal in all cases, where he can trace his property, whether it be in the hands of the agent, or of his representatives or assignees,, is entitled to reclaim it, unless it has been transferred
 
 bona fide
 
 to a purchaser of it or his assignee, for value without notice. In such cases, it is wholly immaterial whether the property be in its original state or has been converted into money, securities, negotiable instruments or other property, if it be distinguishable and separable from the other property or assets, and has an earmark or other appropriate identity;
 
 Taylor
 
 v.
 
 Plummer,
 
 3 Maul. and Sel. 562;
 
 Veil
 
 v.
 
 Mitchel,
 
 4 Washington C. C. Rep. 105;
 
 Jackson
 
 v. v.
 
 Perkins,
 
 3 Mason’s Rep. 232;
 
 Scott
 
 v.
 
 Surman,
 
 Willes’ Rep. 400 ;
 
 Whitecomb
 
 v.
 
 Jacot,
 
 1 Salk Rep. 166;
 
 Jackson
 
 v.
 
 Clark,
 
 1 Young and Jer. 216.” The above extract is from the case of
 
 Overseers of the Poor of Norfolk
 
 v.
 
 The Bank of Virginia,
 
 2 Grat. Rep. 544, in which it was held that the plaintiffs were entitled
 
 to
 
 money deposited to his own credit by their agent, he having soon after died insolvent. The same principle, which is that of following a fund in equity, is clearly settled by several decisions in our State. See
 
 Black
 
 v.
 
 *37
 

 Ray,
 
 1 Dev. and Bat. Eq. 433;
 
 Bateman
 
 v.
 
 Latham,
 
 3 Jones Eq. 35, and
 
 Wood
 
 v.
 
 Reeves,
 
 5 Jones Eq. 271.
 

 The plaintiffs are entitled to a decree for the amount claimed.
 

 Pee CueiaM, Decree accordingly.