T. A. ARNOLD v. JOHN PORTER, Receiver of Park Lumber Company.

(Decided March 29, 1898.)

### *Lien—Trust—Breach of Contract.*

Where a corporation, in pursuance of an agreement with plaintiff, retained from the wages of its employees the price of supplies furnished to the latter by him and became insolvent and a receiver was appointed before the money was paid to plaintiff; *Held* that no equitable trust or lien was created or attached to the funds in the hands of the Receiver, the proceeds of collections of book accounts, so as to entitle plaintiff to a preference over other creditors.

CIVIL ACTION to have the defendant declared a trustee for the plaintiff of certain funds held by the defendant as Receiver of the Park Lumber Company, heard before *Robinson, J.,* at October Term, 1897 of WAKE Superior Court. The facts appear in the opinion.

On the trial, upon the offer of witnesses by the plaintiff to prove the allegations of the complaint, his Honor intimated that the plaintiff could not recover if such allegations should be fully established, and in deference to such intimation, the plaintiff took a non-suit and appealed.

*Messrs. Shepherd & Busbee* for plaintiff (appellant).
*Messrs. Jones & Boykin* for defendant.

FAIRCLOTH, C. J.: The Park Lumber Company, through its proper officer, agreed with the plaintiff as follows: The plaintiff was to furnish the employees of the defendant with an amount of supplies not to exceed their monthly wages, and did so furnish supplies. The Lumber Company agreed to retain from the employees' monthly wages the amount of their supply accounts and

ARNOLD *v.* PORTER.

pay the same to the plaintiff, and pay balance of wages to the employee. The company retained enough of the wages to pay the plaintiff, but failed to pay the plaintiff. The company became insolvent and the defendant Porter was appointed its receiver. The case sent here by his Honor states that "the plaintiff admitted that the funds, now and which had been in the hands of said receiver, had come into his hands since his appointment as receiver from collections of book accounts, etc."

The plaintiff alleges that the employees of the lumber company agreed to the arrangement above referred to. Several material parts of the complaint are denied by the answer. After reading the pleadings his Honor held that if the plaintiff's allegations were fully established he could not have a trust declared in his favor on the funds in the hands of the defendant Porter.

The plaintiff claims a lien or priority on the fund now in the hands of the receiver, which came to his hands from collections of the book accounts, etc., since his appointment. It does not appear from the complaint when the receiver was appointed nor when the lumber company became insolvent. For the present the complaint must be taken as true. The defendant admits that the plaintiff is entitled to a personal judgment against the lumber company, but denies his right to a lien or priority on the funds in the receiver's hands.

We have no direct authority on the question and must resort to reason and principle.

Where property or money is impressed with a trust in the hands of an agent, bailee, etc., the beneficial owner may recover it, as such, and may follow it into any other kind of property, securities or negotiable instruments, if it can be distinguished or identified, be-

cause the original trust character follows it. *Whilley*
v. *Foy*, 59 N. C., 34. And any lien attaching to it will
be enforced, except against *bona fide* purchasers for
value and without notice. And where there is no proof
of a trust either by writing or word, the law will not
imply and the Court will not presume a trust, except in
a case of absolute necessity. 2 Story Eq. Jur., Section
1195 n. At law a lien is the right to possess and retain
a thing until some charge upon it is paid or removed.
An equitable lien is not a *jus in re* or a *jus ad rem*. It
is not a property in the thing itself, but is a charge upon
the thing. 2 Story, *supra*, Sections 1215 and 1216. "It
is simply the right to have a demand satisfied out of the
property of another." *Thigpen* v. *Leigh*, 93 N. C., 47.

The nearest approach to an authority furnished us is
*McLeod* v. *Evans, assignee*, 66 Wis. 401. Plaintiff left
a draft on New York with a banker for collection. The
banker collected the money (by credit on his corres-
pondent's books) and before paying the plaintiff made
an assignment for creditors. It was held by a divided
Court that the proceeds of the draft were a trust fund
in the hands of the banker, and that the plaintiff was
entitled to full payment against other creditors out of
the funds in the hands of the assignee. This differs
from the case before us, because the plaintiff's draft and
money went directly into the hands of the bank, and
for collection.

In the case before us, the plaintiff has put nothing in
the hands of the lumber company, and the employees
have paid nothing into the hands of the lumber com-
pany; so there is nothing to which any lien can attach.
It is at most a breach of personal contract on the part
of the lumber company with the plaintiff, and that en-
titles him to a personal judgment. True, the employees

HOLT v. BRISTOL.

agreed to the arrangement between the plaintiff and the company, and received a part of their wages in the hands of the company, leaving the balance with their employer, and the latter is still liable to them for the balance.

The case states that the money now in the hands of the receiver came from the book accounts, etc., since his appointment, but it is not alleged that the retained wages constitute any part of the book accounts, and we are unable to see or say that that is so. The company was in a failing condition and for aught that appears the retained wages may have gone otherwise. It is not alleged that the contracting parties *intended* that a lien should be created, and we cannot say that such was the intention. We see nothing to which the lien could attach at the time of the agreement. It was an executory contract, which has been broken by one of the contracting parties.

We fail, then, to see any principle or reason why the plaintiff should be preferred to the other creditors.

Affirmed.