VIRGINIA-CAROLINA CHEMICAL COMPANY v. ELI ROGERS
ET AL., TRADING AS ELI ROGERS & CO.

(Filed 4 October, 1916.)

**Vendor and Purchaser—Proceeds of Sale—Trusts—General Assignment—
Priorities—Commingling of Goods.**

A partnership conducting a general merchandise business, including
the sale of fertilizers, handled the plaintiff's fertilizers and that of
others, under agreement that the proceeds of the sales of plaintiff's fer-
tilizers should be segregated and held in trust to be paid over to it, which
they failed to do, and made an assignment for the benefit of their cred-
itors. The plaintiff being unable to identify such proceeds, it is *Held*,
that it was not entitled to any preference over the other creditors in
their action against the trustee; and this principle applies to the pro-
ceeds of collateral notes which the partnership set apart for plaintiff,
which had not been registered or sent to it, and which could not be
identified. The doctrine of confusion of goods is not applicable to this
case.

APPEAL by plaintiff from *Whedbee, J.,* at May Term, 1916, of PITT.

R. G. Grady and L. I. Moore for plaintiff.
Harry Skinner, Harry W. Stubbs, Albion Dunn, and A. D. McLean
for defendants.

CLARK, C. J. This action was begun against the defendants, who
were country merchants doing business as Eli Rogers & Co., to recover
for certain fertilizers sold by plaintiff under contract which it contends
made the defendants its agents; that later in the year the plaintiff closed
the account by notes and took as collateral certain running accounts
due said Rogers and Jenkins. It appears that the defendants pur-
chased fertilizers from various other concerns, keeping no separate ac-
count as to the goods purchased from the plaintiff or from others, and
in selling and charging the same they did not distinguish on their books
from what source the fertilizers came. They sold general merchandise
to farmers, and in the fall when payments were made the same were
credited by cash or check without making application in favor of any
particular creditor of the firm. In December, 1911, Rogers & Co. made
an assignment to A. R. Dunning of all their assets, including the stock
of goods on hand and accounts collectible, amounting to about $8,000.
There is due by the firm to the plaintiff a note of $2,340.33, being about
one-third of the amount originally owed the plaintiff, and about $20,000
to other creditors. This action is brought to compel said Rogers & Co.
and the trustee to pay the same in full out of the collection on said
accounts and notes, claiming a priority over other creditors. It ap-
peared that the plaintiff had already received prior to the assignment

a larger percentage of its claim than other creditors, and that the accounts and notes remaining in the hands of the assignee give no indication of being the proceeds of the fertilizers bought of the plaintiff, and the assignment gave no preference to the plaintiff over any other creditors.

On the issues submitted, there is no controversy on the first issue, that the amount due the plaintiff is $2,340.33, with interest from 1 December, 1911. On the fourth issue, as to whether the plaintiff is entitled to any preference or priority out of the funds in the hands of the trustee, Dunning, over the other creditors of Rogers & Co. from the sale of the stock, and the fifth issue, whether the plaintiff is entitled to such priority out of the funds so collected from the book accounts, the court instructed the jury to answer "No." The plaintiff took a nonsuit as to the second and third issues relating to the alleged fraud by the defendants Rogers & Co. in misappropriating or misapplying the funds collected on the fertilizers bought by them from the plaintiff and resold.

The assignee and several other creditors have been made parties to this action. We find no error in the instruction of the judge. The fund in the hands of the trustee was derived from the sale of the stock of general merchandise and collection of book accounts, and there is nothing to indicate that any specified portion of these funds was derived from the proceeds of the fertilizer sold by plaintiff to Rogers & Co. in the spring of 1911. There is no allegation that the trustee is insolvent or that he has commingled his own funds with the fund of the trusteeship. It also appears that the plaintiff sold these fertilizers to Rogers & Co. with the understanding that they would buy fertilizers also from other concerns, and that such dealings were a part of their general merchandise business. Rogers & Co. made an agreement that the proceeds from the sale of these fertilizers sold them by plaintiff should be segregated and held in trust to be paid over to the plaintiff, but the plaintiff has failed to identify and point out any proceeds of such sales by Rogers & Co. that were derived from the goods sold to them by the plaintiff. Rogers & Co. did not observe the agreement to keep the proceeds of the sales of fertilizers bought of plaintiff separate and distinct, but the plaintiff not having identified such proceeds, it cannot as against the trustee and other creditors assert any priority out of the general fund in the hands of the trustee.

As to the accounts assigned as collateral to the plaintiff, such assignment was not registered, nor were they delivered to the plaintiff. Even if such collateral had been forwarded to the plaintiff and returned to the defendants for collection, the proceeds have not been identified. Moreover, in *Corporation Commission v. Bank,* 137 N. C., 699, it is held: "When paper is sent to the bank for collection, if restricted by indorsement, after collection made, if the proceeds are mingled with the

general funds of the bank the relationship becomes that of creditor and debtor, and on an assignment by reason of insolvency such claim can share only in the assets pro rata with general creditors." To same purport, *Bank v. Davis,* 114 N. C., 343; 3 A. and E. Enc. (2 Ed.), 819.

The court properly held that there being no evidence that the funds derived from the sale of the fertilizers purchased from the plaintiff had been held separate and distinct, it is not entitled to priority over the other creditors. The doctrine as to the "confusion of goods" cannot avail against other creditors.

No error.