## CORPORATION COMMISSION v. MERCHANTS BANK AND TRUST COMPANY.

(Filed 11 May, 1927.)

**1. Banks and Banking—Depositors—Debtor and Creditor—Receivers—Assets—Agreements—Trusts—Priority of Payment.**

Where money is deposited in a bank, without agreement with the bank that it was to be held for a specified purpose or segregated from its other deposits therefor, the deposit is a general one and becomes a part of the bank's assets subject to checks of its other depositors, and not a naked bailment requiring that it be kept intact as a trust for a certain designated use, and as a general deposit, it is not entitled to priority of payment over the other like creditors of the bank in the hands of a receiver.

**2. Same—Trusts—Bailment—Title.**

Where by agreement with its depositor a bank receives a deposit to be applied only to a debt of the depositor to another, a naked bailment arises as a matter of law and the bank does not acquire title, and is liable for its misapplication to the payment of the checks of other general depositors out of its assets, which liability passes to its receiver in insolvency, creating a preference.

3. **Same—Trustee's Breach of Trust—Following Trust Property—Innocent Purchaser or Transferee.**

Where a bank has converted money upon special deposit with it as a trust fund by commingling it with its assets and paying it out upon the checks of its general depositors, and has since become insolvent and in a receiver's hands, the special depositor may claim a preference of payment out of the funds in his hands under the equitable principle that a trust fund when converted to other purposes may be followed unless transferred to a bona fide purchaser or assignee for value, without notice.

4. **Same—Evidence—Questions for Jury—New Trials.**

Where suit is brought to subject the assets of a bank in a receiver's hands to the payment of a special deposit as a preference over other deposits, or the claims of its general creditors, and the evidence is conflicting as to whether a trust fund had been created by the agreement of the parties, the question is one for the jury, and an instruction in effect directing a verdict upon the evidence is reversible error upon which a new trial will be granted.

APPEAL by Guaranty Company of Maryland from *Finley, J.,* at February Term, 1927, of FORSYTH.

A. Lamas gave to Frank L. Blum & Company a contract for constructing a brick building in Winston-Salem, and borrowed $28,200 from the Guaranty Company of Maryland, herein called the claimant; for which Lamas and his wife executed to the claimant their note and deed of trust in the sum of $30,000. The claimant then deposited with the Citizens National Bank of Baltimore to the credit of the Merchants Bank and Trust Company its check on the Baltimore Commercial Bank for $28,200. When the Merchants Bank and Trust Company was notified of this deposit, it opened this account on its own books: "Merchants Bank and Trust Company and Randall Brooks, trustee for A. Lamas," and on 12 January, 1926, credited this account with $28,200.

The claimant alleged that it had an arrangement with the Merchants Bank and Trust Company by which Blum & Company could obtain from the Bank and Trust Company under the loan the amount called for from time to time in orders to be signed by Macklin, the architect, and that up to the time the doors of the Bank and Trust Company were closed, $14,567.93 of this fund had been drawn out by Blum & Company, leaving $13,632.07 to the credit of the Merchants Bank and Trust Company and Randall Brooks, trustee. It was alleged by the claimant that on 10 May, 1926, he deposited $13,632.07 in the Peoples National Bank, Winston-Salem, and that all interested parties thereupon agreed that the deposit in the Merchants Bank and Trust Company, under the name of the "Merchants Bank and Trust Company and Randall Brooks, trustee for A. Lamas," should become the property of the claimant.

The Wachovia Bank and Trust Company was appointed receiver of the Merchants Bank and Trust Company, and Forrest G. Miles, acting

for the receiver, made a report, to which the claimant excepted, demanding a trial by jury of the issues involved. C. S., 1211, 1212, 1213. By consent, the answers to the first, second, third, fifth, sixth, seventh, eighth, ninth, and tenth issues established these facts: The incorporation of the Merchants Bank and Trust Company, its insolvency, and the appointment of the Wachovia Bank and Trust Company as receiver; the deposit by the claimant of $28,200; the unapplied balance of $13,632.07; the assignment thereof to the claimant; the sum of $28,200 deposited with the understanding and agreement that the Merchants Bank and Trust Company was to act as trustee of the fund and disburse it according to a letter bearing date 7 February, 1926, and set out in the record; the deposit not subject to check by the claimant and Lamas, or of either of them; and the cash turned over to the receiver by the Merchants Bank and Trust Company amounting to $35,583.32. The jury answered the fourth, eleventh, twelfth, and thirteenth issues as follows:

4. Were the assets of the Merchants Bank and Trust Company augmented thereby to an amount equal to the liability incurred? Answer: Yes.

11. Did the title to the sum of $28,200 pass to the Merchants Bank and Trust Company? Answer: Yes.

12. Was it the intention of the parties that the proceeds of the deposit in the Citizens National Bank of Baltimore be commingled with the other funds of the Merchants Bank and Trust Company, pending withdrawals, and used by the Merchants Bank and Trust Company in the customary way and for its general banking purposes? Answer: Yes.

13. Was it contemplated by the parties to segregate the proceeds of the deposit in the Citizens National Bank of Baltimore from the other funds of the Merchants Bank and Trust Company? Answer: No.

The claimant excepted to the last three issues, and to the court's refusal to submit the following: "Was the $28,200 deposited with the Merchants Bank and Trust Company as a trust fund, to be applied by it according to the terms set forth in the letter bearing date of 7 January, 1926?" It excepted also to the denial of judgment for the claimant upon the verdict.

It was adjudged upon the verdict that the claimant is not entitled to have its claim allowed as a priority, but only as a general unsecured claim, and to the judgment the claimant excepted, assigning error.

*Parrish & Deal for claimant.*

*Manly, Hendren & Womble for Wachovia Bank and Trust Company, receiver.*

ADAMS, J. The central question turns upon the nature of the transaction between the claimant and the Merchants Bank and Trust Com-

pany.   Considered in view of the evidence and the verdict, what did the transaction amount to in contemplation of law?   The answer involves preliminary inquiry into the nature of the deposit—whether it was general or special, or whether it was a deposit for a specific purpose.

A general deposit is the payment of money into a bank to be repaid upon demand; the deposit creates between the bank and the defendant the relation of debtor and creditor; the relation is legal; the money passes from the depositor to the bank, and is mingled with other money, the entire amount forming a general fund from which depositors are paid.   Deposits of this character are free from any "trust quality," and the depositor, in the event of the bank's insolvency, has no right of preference, but must share pro rata with general creditors.   *Boyden v. Bank,* 65 N. C., 13; *Lilly v. Comrs.,* 69 N. C., 300; *Ruffin v. Comrs., ibid.,* 498; *Hawes v. Blackwell,* 107 N. C., 196.

A special deposit is a deposit for safe-keeping, to be returned intact on demand—a naked bailment, the bank acquiring no property in the thing deposited and deriving no benefit from its use.   The title remains in the depositor, who is a bailor and not a creditor of the bank.   *Boyden v. Bank, supra;* 3 R. C. L., 517; 7 C. J., 630.

A deposit for a specific purpose is made when money or property is delivered to a bank to be applied to a designated object, or for a purpose which is particularly defined, as, for example, the payment by the bank of a specified debt.   It is neither general nor wholly special.   It partakes of the nature of a special deposit to the extent that the title remains in the depositor, and does not pass to the bank.   The consequence is that the money, if not applied, or if misapplied, may be recovered as a trust deposit.   7 C. J., 631; 1 Morse Banks and Banking, sec. 185.   In *Morton v. Woolery,* 24 A. L. R., 1107, it is said:   "Where money is deposited for a special purpose, as, for instance, in this case, where it was deposited for the stated purpose of meeting certain checks to be thereafter drawn against such deposit, the deposit does not become a general one, but the bank, upon accepting the deposit, becomes bound by the conditions imposed, and, if it fails to apply the money at all, or misapplies it, it can be recovered as a trust deposit.   *Hitt Fireworks Co. v. Scandinavian American Bank,* 114 Wash., 167; 195 Pac., 13; 196 Pac., 629; *Dolph v. Cross,* 153 Iowa, 289; 133 N. W., 669; *First Nat. Bank v. Barger,* .... Ky., .....; 115 S. W., 726; *Smith v. Sanborn State Bank,* 147 Iowa, 640; 30 L. R. A. (N. S.), 517; 140 Am. St. Rep., 336; 126 N. W., 779.   See, also, *Russell v. Bank of Nampa,* 31 Idaho, 59; 169 Pac., 180; *First Nat. Bank v. Miller,* 46 N. D., 551; 179 N. W., 997; 7 C. J., 632."   For further discussion, see *Webb v. Newhall,* 26 A. L. R., 1; *Re Interborough Con. Corporation,* 32 A. L. R., 932; *So.*

*Ex. Bank v. Pope,* 108 S. E., 551; *Williams v. Bennett,* 123 S. E., 683; *Sawyer v. Connor,* L. R. A., 1918 A, 61.

As a general rule, if property is converted and the trust fund can be traced and identified, the *cestui que trust* may resort to a court of equity to compel its transfer to himself, and his right will not be affected by any change in the trust property wrought by the trustee without his consent, unless it has been transferred to a bona fide purchaser, or assignee, for value without notice. 2 Pomeroy's Eq. Jur., sec. 1058; *Whitley v. Foy,* 59 N. C., 34; *Barnard v. Hawks,* 111 N. C., 333; *Edwards v. Culberson, ibid.,* 342. But the point in controversy here is whether the claimant can impress a trust upon certain assets of the insolvent bank now in the hands of the receiver; and with respect to these assets, the controlling facts are that the title to the deposit passed to the Merchants Bank and Trust Company, and that the parties intended that the proceeds of the deposit should be not segregated, but commingled with other funds and used by the bank pursuant to custom in its general banking business. These facts, established by the verdict, are wholly inconsistent with the notion of bailment, agency, or the creation of a trust. In *Bank v. Davis,* 114 N. C., 344, it is said that the test is whether there was an agreement, express or implied, that the fund should not be held as a special deposit, but should be mingled with the other funds coming into the bank and used in the transaction of its business. The conclusion is that his Honor was right in declining to sign the judgment drafted upon the undisturbed verdict and tendered by the plaintiff.

But the appellant has other exceptions which are more serious. Upon the last three issues, this instruction was given the jury: Upon all the evidence, if you believe it, you will answer the eleventh issue "Yes," the twelfth "Yes," and the thirteenth "No." In this there is error. Without regard to the suggestion that the wording of the instruction is subject to criticism *(Alexander v. Statesville,* 165 N. C., 527; *S. v. Loftin,* 186 N. C., 205), we find that the evidence relating to these issues is so inconsistent and conflicting as to require its submission to the jury. *Lamb v. Perry,* 169 N. C., 436; *Lassiter v. R. R.,* 171 N. C., 283; *Evans v. Lumber Co.,* 174 N. C., 31. As to these three issues there must be a new trial. We find no error in submitting the fourth, and none in declining the issue tendered by the appellant. Of course, the issues which were answered by consent will not be disturbed.

Partial new trial.