CORPORATION COMMISSION OF NORTH CAROLINA v. MERCHANTS BANK AND TRUST COMPANY.

(Filed 25 June, 1927.)

**Banks and Banking—Special Deposits—Contracts—Trusts—Liens—Receivers—Depositors—Debtor and Creditor.**

> Where a bank receives a deposit of a check upon an agreement with the depositor that it was immediately to be checked against in part for the payment of a lien upon land, and the check so deposited has been paid in due course by the bank upon which it was drawn, to deposit to the amount so agreed is a special deposit, and the agreement impresses a trust upon the assets of the bank giving it priority in payment over the general deposits, which may be followed into the receiver's hands, and as to the balance, the ordinary relation of debtor and creditor exists.

APPEAL by Wachovia Bank and Trust Company, receiver of defendant Merchants Bank and Trust Company, from *Oglesby, J.,* at November Term, 1926, of FORSYTH. Modified and affirmed.

Angelo Brothers filed a claim with the receiver of the Merchants Bank and Trust Company, seeking to impress a trust upon the assets in the hands of the receiver, with respect to a claim of $20,000, to the end that they might receive preferential payment therefrom, upon the grounds that (1) by false and fraudulent representations claimants were induced to deposit a check for $20,000 in the bank; (2) at a time when it was insolvent to the knowledge of the officers and directors; (3) the check being deposited for a specific purpose, to wit, to be checked against forthwith to pay a designated note of the depositors amounting to $12,950. The claim was denied by the receiver, and upon appeal of Angelo Brothers was heard before the court below and a jury, the verdict and judgment was for Angelo Brothers decreeing it a "preferred claim and a lien on the assets in the hands of said receiver."

As part purchase price of a tract of land, H. A. Page, Jr., gave claimants, Angelo Brothers, a check for $20,000 on the Raleigh branch of the Wachovia Bank and Trust Company. The land was subject to a lien of $12,950 due the American Bond and Mortgage Company. The

$20,000 check was received by Angelo Brothers upon the agreement that it was to be used in the payment of the $12,950 debt secured by lien on the land, the receipt of the check and payment of the lien debt to be practically simultaneous.

On the afternoon of Friday, 23 April (the bank remaining open on the following Saturday and Monday, but not opening Tuesday), M. A. Angelo saw Thomas Maslin, president of the bank, and told him he had the check for $20,000 and would deposit it next day, explaining the circumstances under which it had come to him, if Maslin would allow Angelo to draw a check against it, and Maslin agreed "that he would." M. A. Angelo further testified, "I told him I would deliver the check of $12,950 to the American Bond and Mortgage Company when I made this deposit. He said it was all right. When I explained to him who the check was drawn by, Mr. Page, that I knew it was good, and this amount was due already for two days, he said he would pay it. I relied upon that."

Next morning, Saturday, 24 April, about 9:15, Angelo Brothers deposited the $20,000 check. About thirty minutes after the deposit was made, M. A. Angelo was advised by the payee of the $12,950 check drawn on the deposit in accordance with the agreement, that the bank had refused to pay it. Angelo called Maslin on the phone to know why the check was not paid, and was told by Maslin that "We can't pay checks on uncollected funds . . . it is against the banking rules." Angelo immediately went to the bank and saw Maslin, with whom he had deposited the $20,000 check, and asked him for the return of the check. Maslin referred him to Brower, treasurer of the bank, where he repeated his demand for the check. Brower refused to give it to him, saying they had already sent it off. The demand for the return of the check was made about one hour after the deposit. The $20,000 check endorsed by Page to Angelo and endorsed by Angelo was marked "Paid 4-24-26, 66-763." The deposit book of the claimants (Angelo Brothers) offered in evidence by claimants showed money on deposit 24 April, 1926, $20,758.37. The check of $20,000 was included in the amount on deposit. The report of the receiver showed $36,033.30 in cash that came into the possession of the receiver from the vaults of the Merchants Bank and Trust Company, and that it also received other assets amounting to $394,860.00.

The defendant introduced evidence to the effect that the check was used by the Merchants Bank as a part of the daily ten o'clock clearance settlement with the Wachovia Bank and Trust Company. The balance on that day being in favor of the Wachovia Bank and Trust Company, and requiring in addition to the use of the $20,000 check and other checks

that the Merchants Bank pay to the Wachovia Bank to complete the settlement approximately $13,200.

The issues material and the answers thereto by the jury, as we view the action, for the consideration of the case, were as follows: ·

"5. If so, were the assets of said Merchants Bank and Trust Company increased to the extent of twenty thousand dollars as a result thereof? Answer: Yes.

6. If so, were the liabilities of said Merchants Bank and Trust Company increased to any amount, and if so, what amount beyond the liability of twenty thousand dollars by virtue of said deposit? Answer: No.

7. Was said deposit of twenty thousand dollars made upon an agreement between Merchants Bank and Trust Company and M. A. and T. J. Angelo, trading as Angelo Brothers, that the said Angelo Brothers were to check thereon immediately, and pay notes to the American Bond and Mortgage Company in the sum of $12,950 as alleged by said Angelo Brothers? Answer: Yes.

8. If so, did Angelo Brothers, in accordance with the agreement, give their check to the American Bond and Mortgage Company in the sum of $12,950 drawn on the Merchants Bank and Trust Company to pay the said notes as alleged by Angelo Brothers? Answer: Yes.

9. If so, did the said Merchants Bank and Trust Company wrongfully breach said contract and refuse to honor and pay said check drawn by Angelo Brothers to the American Bond and Mortgage Company to pay said notes in the sum of $12,950, as alleged by Angelo Brothers? Answer: Yes."

Exceptions and assignments of error were duly made by Wachovia Bank and Trust Company, and appeal to Supreme Court.

*Parrish & Deal* for Angelo Brothers.
*Manly, Hendren & Womble* for Wachovia Bank and Trust Company, Receivers.

CLARKSON, J. In *Hawes v. Blackwell,* 107 N. C., at p. 199-200, it is said: "When a bank, in the course of its business, receives deposits of money in the absence of any agreement to the contrary, the money deposited with it at once becomes that of the bank, part of its general funds, and can be used by it for any purpose, just as it uses, or may use, its monies otherwise acquired. The depositor, when, and as soon as he so makes a deposit, becomes a creditor of the bank, and the latter becomes his debtor for the amount of money deposited, agreeing to discharge the debt so created by honoring and paying the checks or orders the depositor may, from time to time, draw upon it, when presented, not exceeding the amount deposited. The relation of the bank and de-

positor is simply that of debtor and creditor, the debt to be discharged punctually, in the way just indicated. The contract between them, whether express or implied, is legal in its nature, and there is no element or quality in it different from the same in ordinary agreements or promises, founded upon a valuable consideration to pay a sum of money, specified or implied, to another party. There are none of the elements of a trust in it. The bank does not assume or become a fiduciary as to the money deposited for the depositor, nor does it agree to hold a like sum in trust for him. *Boyden v. Bank,* 65 N. C., 13; *Bank v. Millard,* 10 Wall., 152; *Bank v. Schuler,* 120 U. S. R., 511."

In *Corporation Commission v. Trust Co.,* 193 N. C., p. 696, the authorities are cited and the rule laid down (1) as to general deposits, (2) special deposits, (3) as to deposits for a specific purpose. As to the last rule, the opinion, at p. 699, quotes from *Morton v. Woolery* (48 N. D., 1132), 24 L. R. A., 1107: "Where money is deposited for a special purpose, as, for instance, in this case, where it was deposited for the stated purpose of meeting certain checks to be thereafter drawn against such deposit, the deposit does not become a general one, but the bank, upon accepting the deposit, becomes bound by the conditions imposed, and, if it fails to apply the money at all, or misapplies it, it can be recovered as trust deposit," citing numerous authorities.

In the *Hawes case, supra,* it says: *"When a bank, in the course of its business, receives deposits of money in the absence of any agreement to the contrary."*

In the *Morton case* when the money is deposited and accepted by the bank for a stated purpose to meet certain checks, to be drawn against the deposit, if the condition imposed is not complied with, and if the bank fails to apply or misapplies, a recovery can be had as a trust deposit.

Brushing aside the cobwebs, in this action the $20,000 Page check was deposited upon the distinct agreement and understanding that Angelo Brothers were to check out $12,950 to pay off the lien. In fact the $20,000 check was part purchase price of land that there was a lien for $12,950 on. The $20,000 deposit was made and a check immediately given to pay off the lien of the $12,950.

The $20,000 deposit was impressed with the trust to the extent of $12,950. The specific purpose was to pay out of it the $12,950, under the facts and circumstances of this action, equity will hold the $12,950 for the benefit of Angelo Brothers. The check was held in trust by the bank for this specific purpose. The balance, it would seem, under the facts disclosed, was a general deposit. There is no question as to the bank collecting the check as it was marked "paid" the very day of the

deposit.   In a court of equity the general rule is "Equality is equity," but not so, as in this action, the check of $20,000 was impressed with a trust of $12,950.   This amount has priority of payment out of "the assets in the hands of said receiver."   As to the balance of the $20,000 deposit, Angelo Brothers is a creditor like any other unsecured creditor.

In accordance with this opinion, the judgment below is

Modified and affirmed.