MRS. W. T. HECKSTALL v. CITIZENS BANK OF WINDSOR, GURNEY P. HOOD, COMMISSIONER OF BANKS, AND HENRY SPRUILL, LIQUIDATING AGENT.

(Filed 2 March, 1932.)

Banks and Banking H d—In this case held: depositor was entitled to preferred claim against receiver of bank.

Where it is established by the jury that a bank, without the knowledge or consent of its depositor, took his bonds and sold them and credited the depositor with the amount in its savings department: *Held*, upon the bank's becoming insolvent the depositor is entitled to a preferred claim against the receiver to the extent of the value of the bonds as a special deposit, it appearing that the depositor had never ratified the act of the bank by drawing on the fund or otherwise.

APPEAL by defendants from *Harris, J.,* at November Term, 1931, of BERTIE. No error.

The plaintiff brought suit to recover the value of certain Liberty Bonds deposited by her in the Citizens Bank of Windsor and alleged to have been converted by the bank. Upon the pleadings and evidence issues were submitted to the jury, who found for their verdict that the bank sold the plaintiff's bonds and deposited the proceeds in the savings department without her authority, and that the deposit was carried in its entirety without the plaintiff's drawing on it or otherwise ratifying such sale. It is admitted that the amount was $400.

It was adjudged on the verdict that the plaintiff is entitled to recover the sum of $400, with interest at 4½ per cent and that she be declared a preferred claimant against the assets of the bank in the hands of the receiver to the amount of her recovery. The defendants excepted and appealed.

*J. A. Pritchett* for appellants.
*Ward & Grimes* for appellee.

STATE *v.* MYERS.

PER CURIAM. The principal questions in controversy were whether the deposit was general or special and whether the plaintiff was entitled to a preference in the administration of the bank's assets. In effect the jury found that the deposit was special and that the plaintiff is entitled to recover the value of the bonds. We have considered all the assignments of error and find no error. *Corporation Commission v. Trust Co.,* 193 N. C., 696; *Parker v. Central Bank and Trust Company, ante,* 230.

No error.