LAVINA FLACK v. GURNEY P. HOOD, COMMISSIONER OF BANKS.

(Filed 15 March, 1933.)

1. **Banks and Banking H d—Deposit for a special purpose is impressed
with a trust entitling depositor to a preference.**

A deposit in a bank made with a distinct understanding that it is to
be held by the bank for the purpose of furthering a transaction between
the depositor and a third person, or a deposit made under circumstances
necessarily implying that it is made for such purpose, is impressed with
a trust entitling the depositor to a preference over general depositors in
case the bank becomes insolvent and is placed in a receiver's hands before
discharging the trust.

**2. Same—Preference of deposit in trust department is not defeated by overdraft in trust department's account with commercial department.**

Where a deposit for a special purpose creating a trust fund in the bank's hands is made in the trust department of the bank, and is in turn deposited with other trust funds by the trust department in a general account carried with the commercial department of the same bank, the depositor is not deprived of his right to preference over general depositors upon the insolvency of the bank by the fact that the account of the trust department with the commercial department of the bank is overdrawn, since the assets in the receiver's hands are increased to the extent of such deposit regardless of the fact that the deposit is commingled with other deposits in the trust department and in turn commingled with the bank's general funds, and the bank will not be allowed to defeat its fiduciary responsibilities by a system of self-dealing.

APPEAL by defendant from *Clement, J.,* at August Term, 1932, of BUNCOMBE.

Civil action to establish preference, or priority of plaintiff's claim to funds in the hands of the liquidating agent of insolvent bank.

The case was heard by the court without the intervention of a jury, upon facts agreed or found without objection:

1. The Central Bank and Trust Company of Asheville, N. C., chartered under the banking laws of the State, was placed in the hands of the defendant as liquidating agent, because of insolvency, on 19 November, 1930.

2. Prior thereto and at various times from 18 May, 1930, to 18 November, 1930, the plaintiff had deposited with, or delivered to the Central Bank and Trust Company as trustee, under a trust agreement in writing and duly registered, sums aggregating $2,931.25 for the establishment of a fund to pay the interest and principal installments, as they should become due, upon certain first mortgage notes held by third persons and in the hands of the trustee for collection.

3. These deposits were carried as a trust account in the trust department of the bank, and had not been applied to the specific purposes for which said account was held at the time of the bank's closing.

4. All moneys received under the terms of the trust agreement were deposited by the trust department of the Central Bank and Trust Company in its general account carried with the commercial department of the same bank. This general account of the trust department with the commercial department—made up of many funds received from various parties—was the only account carried by the trust department at the time of the closing of the Central Bank and Trust Company and was at that time overdrawn by approximately $21,000.

Upon the foregoing pertinent facts, it was adjudged "that the claim of the plaintiff be, and the same is hereby, allowed as a preferred claim against the assets of the Central Bank and Trust Company, and when

final settlement is made by said defendant the said claim shall be allowed priority in payment over the claims of the common creditors and shall either be paid in full, as a preferred claim, or in the event of an insufficient amount, to pay all of the preferred claims, then it shall share pro rata with the other preferred claims against the said Central Bank and Trust Company."

Defendant appeals, assigning error.

*Harkins, Van Winkle & Walton for plaintiff.*
*Johnson, Smathers & Rollins and T. A. Uzzell, Jr., for defendant.*

STACY, C. J. The case is controlled by the decision in *Parker v. Trust Co.,* 202 N. C., 230, 162 S. E., 564 (*Newsom v. Mut. Life Asso.,* 136 So. (Fla.), 389, likewise practically on all-fours), unless the circumstance, appearing here, but which did not appear there, that the account of the trust department with the commercial department was overdrawn at the time of the closing of the Central Bank and Trust Company, differentiates the two cases and reduces plaintiff's claim from one of preference to one of commonalty.

It is the position of the plaintiff that the method of handling the account in question was a matter of internal bookkeeping, or of self-dealing, and is without material significance in the case (*Glidden v. Gutelius,* 96 Fla., 834, 119 So., 140); that the Central Bank and Trust Company was authorized to do a trust business as well as a commercial business (C. S., 217(a); that it had but one charter, and although its two departments may have been separate and distinct, together they comprized but a single business unit (*In re Prudential Trust Co.,* 244 Mass., 64), rendering it inequitable to allow such an institution to change its status from trustee to debtor simply by shifting funds from its right hand to its left, or from one till to another (*Terre Haute Trust Co. v. Scott,* 181 N. E. (Ind. App.), 369; Note 31 Mich. L. Rev., 532; 44 Harvard L. Rev., 1281); that the general depositors knew, or should have known, that trust funds in the hands of such a banking institution, deposited for special purposes, were perforce received in a fiduciary capacity and would necessarily be held subject to the equitable principles existing between the parties to such fiduciary relationship (*Bank v. Corp. Com.,* 201 N. C., 381, 160 S. E., 360; *Corp. Com. v. Trust Co.,* 193 N. C., 696, 138 S. E., 22; *Glidden v. Gutelius, supra*); and that when an agent, bailee, or trustee, commingles funds with his own, and dissipates a portion of the commingled fund, he will be presumed to have dissipated his own funds first, and that the remainder of such commingled fund will be subject to distribution among his *cestui que trustent* according to their respective rights. *Myers v. Matusek,* 98 Fla., 1126, 125 So., 360; Note, 82 A. L. R., 46 *et seq.*

FLACK *v.* HOOD, COMR.

The defendant, on the other hand, says that the rightfulness of the deposit made by the trust department with the commercial department, whether legal or other, in the absence of statutory authorization, is not challenged; that it does appear by so depositing said funds they were thereby segregated or earmarked as belonging to a separate account; that this account was overdrawn to the extent of $21,000 at the time of the bank's closing; that instead of augmenting the funds in the hands of the liquidating agent, they were apparently diminished to the extent of the overdraft; that to entitle a claimant to preferential payment from the assets of an insolvent bank in the hands of a liquidating agent, it must appear the funds demanded were in the bank's possession as agent, bailee, or trustee; that such funds reached the hands of the liquidating agent in some form; that the assets brought under his control were larger by this amount than they otherwise would have been (*Tinsley v. Amos,* 135 So. (Fla.), 397); and that plaintiff has failed to make out such a case. *McDonald v. Fulton,* 125 Ohio, 507, 182. N. E., 504; *Empire State Surety Co. v. Carroll County,* 194 Fed., 593, at p. 604.

In the liquidation of insolvent banks, the general depositors are entitled to no preference, and must share pro rata with the general creditors. *Corp. Com. v. Trust Co.,* 194 N. C., 125, 138 S. E., 530; *Corp. Com. v. Trust Co., supra.* But where deposits are made with the distinct understanding that they are to be held by the bank for the purpose of furthering a transaction between the depositor and a third person, or where they are made under such circumstances as give rise to a necessary implication that they are made for such a purpose, the deposits become impressed with a trust which entitles the depositor to a preference over the general creditors of the bank in case the bank becomes insolvent while holding the deposits. *Corp. Com. v. Trust Co., supra; Hudspeth v. Union Trust & Savings Bank,* 196 Iowa, 706, 195 N. W., 378, 31 A. L. R., 466, and note; 7 C. J., 631.

There are also certain statutory preferences (C. S., 218(c); *Morecock v. Hood, Comr.,* 202 N. C., 321, 162 S. E., 730), as well as equitable ones (*Parker v. Trust Co., supra*), allowable in the liquidation of insolvent banks, but the present record deals only with the equitable right of priority. *In re Bank, ante,* 143, 167 S. E., 561.

The argument of the defendant proceeds upon the premise that the trust and commercial departments of the Central Bank and Trust Company were two separate and distinct entities, whereas in truth and in fact they were but component parts of a single unit. The fact that the trust department account was overdrawn at the time of the bank's closing proves no more than that the Central Bank and Trust Company misused or misapplied plaintiff's funds for its own purposes. It had various

other moneys all mingled in the same till, with those deposited by plaintiff, and the overdraft in the trust department account was but a bookkeeping arrangement so far as the bank's creditors are concerned. A corporate fiduciary will not be permitted to escape the responsibilities arising from such status by the simple expedient of self-dealing. Note, 31 Mich. L. Rev., 532.

The plaintiff has shown that she deposited with the Central Bank and Trust Company certain funds for a specific purpose, which the bank received in trust, mingled them with other funds, and became insolvent before discharging the trust, with a portion of the commingled fund still on hand when the defendant, as liquidating agent, took charge of its affairs. Plaintiff's funds were not only mingled with others in the general account of the trust department, but this account was likewise commingled with the general funds of the bank. It appears, therefore, that the general coffers of the bank were enriched to the extent of plaintiff's deposits, and the assets coming into the hands of the defendant were accordingly increased or made larger. This entitles the plaintiff to a preference. *Peters v. Bain,* 133 U. S., 670, 33 L. Ed., 696; *Brennan v. Tillinghast,* 201 Fed., 609; *Schumacher v. Harriett,* 52 Fed. (2d), 817; *Lusk v. Günther,* 32 Wyo., 294, 232 Pac., 518; *Andrew v. Hamilton County State Bank,* 207 Iowa, 403, 223 N. W., 176; 30 Mich. L. Rev., 441.

The decisions in *Corp. Com. v. Bank,* 137 N. C., 697, 50 S. E., 308, 2 Ann. Cas., 537, *Bank v. Davis,* 114 N. C., 343, 19 S. E., 280, and *Chemical Co. v. Rogers,* 172 N. C., 154, 90 S. E., 129, are not at variance with the conclusions reached in *Corp. Com. v. Trust Co.,* 193 N. C., 696, 138 S. E., 22, nor in *Parker v. Trust Co.,* 202 N. C., 230, 162 S. E., 564, nor with anything said herein. The whole subject is elaborately discussed in a recent annotation, 82 A. L. R., 46, *et seq.,* from which it appears that many perplexing questions have lately arisen in connection with the liquidation of insolvent banks. The various courts have found it difficult with consistency to plot the line, sometimes shadowy, which separates the rights of preferential creditors from those of the general or common creditors. Much of the confusion apparently has come from a failure to distinguish between the right of preference, or equity of priority, and the right to have certain specific property returned to the creditor, as under claim and delivery, on the principle of fungible goods or because of direct ownership therein. And while it may not be possible to lay down a rule applicable in all cases, due to the manifold situations arising, equity will not forsake the pursuit, simply because of the difficulties presented, unless and until the legislative department shall preëmpt the field by enactment of statutory regulations covering the subject. Nor do we decide in advance

upon the effect or validity of such preëmption should it be undertaken. *State, ex rel. Sorensen v. Farmers State Bank,* 121 Neb., 532.

The precise question here presented is new in this jurisdiction, but the ruling appealed from is supported in tendency, at least, by a number of decisions, and will be upheld.

Affirmed.