(For digest see Flack v. Hood, Comr., ante, 337.)
The court below found the following facts, undisputed by the litigants, and rendered judgment thereon:
"1. That Young M. Smith was regularly appointed as permanent receiver of the Meadows Realty Company by order of the Honorable Guy Weaver, judge, General County Court, on ______ March, 1931, in a case entitled `Calland Realty Corporation v. The Meadows Realty Company,' and that he has qualified as such receiver and has entered upon his duties as such.
2. That the Central Bank and Trust Company was a corporation duly created, organized and existing under the laws of the State of North Carolina with its principal place of business at Asheville, N.C. and was engaged in the commercial banking business and operated as a part of the bank, a department known as the trust department, and that said bank suspended business on account of insolvency at the close of business on 19 November, 1930, and thereafter went into liquidation, and that the defendant, Gurney P. Hood, Commissioner of Banks for the State of North Carolina, is now liquidating said Central Bank and Trust Company by virtue of statutory authority.
3. That the Meadows Realty Company did, on or about 1 January, 1928, issue its corporate bonds in accordance with two specific issues in the sum of $125,000 each, and there was executed as surety for such series of bonds two certain deeds of trust both executed by the Meadows Realty Company to the Central Bank and Trust Company as trustee, by the terms of which the Meadows Realty Company pledged as security for the indebtedness, evidenced by its bonds, said two deeds of trust each bearing date of 1 January, 1928, and being of record in Deed of Trust, Book 284, page 415, and Deed of Trust, Book 284, page 442, respectively, in the office of the register of deeds of Buncombe County, N.C.
4. That on or about 16 January, 1928, the Meadows Realty Company entered into an agreement with the Central Bank and Trust Company as trustee, and by the terms of said agreement the sum of $75,000 realized from the purchase price of the above referred to bonds was placed in the hands of the Central Bank and Trust Company as trustee *Page 344 
to be held by it and disbursed by it in accordance with the terms and conditions of said agreement. A copy of said agreement is attached hereto and is hereby incorporated herein and made a part of this finding of fact and judgment as if fully set out herein, and it has been stipulated between counsel in open court that so much of said agreement as either counsel think pertinent may be included in the record of the case on appeal.
5. That the records of the trust department of the Central Bank and Trust Company show that there remained in the hands of the said trust department of the Central Bank and Trust Company of the $75,000 so placed with it, in accordance with the terms of the aforementioned agreement, on 19 November, 1930, the date of the closing of the said Central Bank and Trust Company, the sum of $10,371.89, and that the above referred to agreement was the only agreement entered into by and between the Meadows Realty Company and the Central Bank and Trust Company as trustee, concerning such funds and that the sum of $10,371.89 was the balance of the $75,000 above referred to, as shown on the ledger sheet of the trust department for the Meadows Realty Company, it being Trust No. 403.
6. The court further finds as a fact that the $75,000 above referred to was deposited by the trust department of said Central Bank and Trust Company in its account with the commercial department of said bank, the said account being known as the trust department account, it being the only account which the trust department carried in the commercial department of said bank.
7. That at the time of the closing of the said Central Bank and Trust Company, to wit, 19 November, 1930, the trust department account with the commercial department of the Central Bank and Trust Company, was overdrawn in the approximate amount of $21,000, the trust department having at that time no cash on hand.
8. That from time to time, after the deposit of $75,000 by the trust department with the commercial department of said bank, the trust department did withdraw by check all the funds which it had placed with the commercial department and expended them for numerous, unknown and unascertainable matters and things.
9. That the Meadows Realty Company, its successors, officers, or agents had no knowledge of the disposition of the funds above referred to amounting to $75,000 as made by the Central Bank and Trust Company or of its trust department.
10. That the plaintiff in this action filed notice of his claim with the liquidating agent of the Central Bank and Trust Company in due form on 5 May, 1931, requesting that the above referred to claim be declared a preferred claim, and that the said liquidating agent rejected the said *Page 345 
claim on 5 June, 1931, and notice of said rejection was received by Young M. Smith, receiver, plaintiff, on 6 June, 1931, and that this suit was instituted and complaint filed within the statutory 90 days thereafter.
It was stipulated by both counsel for plaintiff and counsel for defendant in open court that the foregoing findings of fact are correct and that there is no objection thereto by either party.
Upon the foregoing findings of fact it is, thereupon, ordered, adjudged and decreed that the claim of the plaintiff be, and the same is hereby, allowed as a preferred claim against the assets of the Central Bank and Trust Company, and when final settlement is made by said defendant the said claim shall be allowed priority in payment over the claims of the common creditors and shall either be paid in full, as a preferred claim, or in the event of an insufficient amount, to pay all of the preferred claims, then it shall share pro rata with the other preferred claims against the said Central Bank and Trust Company; and that the defendant be taxed with the costs."
From the judgment as signed, the defendant excepted, assigned error and appealed to the Supreme Court.
The plaintiff contends that the $75,000 was placed with the Central Bank and Trust Company under an agreement that said sum was to meet certain specific obligations of said Meadows Realty Company, and that the bank had knowledge of this fact, and that their deposit was what is known in law as a deposit for a specific purpose, and consequently are entitled to a preference against the assets now in the hands of the Commissioner of Banks.
The defendant contends, on the other hand, that, in order for a trust to attach to the assets now in the hands of the liquidating agent, the funds or a part of the funds belonging to the plaintiff must exist in the hands of the liquidating agent, upon which the trust can attach, in order that equity may return to its rightful owner that which actually belongs to him, and that no such funds remain in the receiver's hands.
The plaintiff contends that defendants' contention is a misconception of what the plaintiff is seeking in this case. "He is not trying to locate a fund upon which he can impress a trust. He is seeking to have his claim awarded a preference over the claims of unsecured creditors as in law and equity he is entitled to have."
This case is governed by Parker v. Trust Co., 202 N.C. 230, and Flackv. Hood, Comr., ante, 337. The judgment of the court below is
Affirmed. *Page 346