L. J. LAWRENCE, GUARDIAN OF HARRY NEWSOME, v. GURNEY P. HOOD, COMMISSIONER OF BANKS.

(Filed 11 October, 1933.)

**Banks and Banking H c—Under facts of this case depositor held entitled to preferred claim against assets of insolvent bank.**

A depositor in a bank agreed to keep the deposit intact so long as the bank loaned a like sum to a third person, the bank having the right to call the loan to the third person if the deposit was withdrawn, and the depositor having the right to withdraw the deposit if the bank should call the loan: *Held,* upon the insolvency of the bank, the depositor was entitled to a preferred claim under the authority of *Flack v. Hood, Comr.,* 204 N. C., 337.

APPEAL by defendant from *Daniels, J.,* at April Term, 1933, of HERTFORD. Affirmed.

*W. D. Boone and Lloyd J. Lawrence in propria persona.*
*J. A. Pritchett for defendant.*

CLARKSON, J. The question of law involved is as follows: Where, for the purpose of furthering a transaction between a depositor and a third person, a deposit is made in a solvent State bank which operates no trust department, under an agreement between the depositor and the bank, that simultaneously with the making of the deposit, the bank is to make a specific loan to such third person, accept from such third person a specific note secured by a specific deed of trust, upon condition that the said deposit should be kept intact, and the depositor to carry said deposit in said bank so long as said bank should carry said loan, with the right in the bank to call said loan whenever such deposit should be withdrawn and with the right in the depositor to withdraw such deposit or funds whenever the bank should call the loan, is such deposit a preferred claim against the assets of said bank upon its subsequent insolvency and the calling of said loan? We think so.

We have written much recently on the question of what is and what is not a preferred claim against the assets of an insolvent bank. We will not repeat. We think that under the facts and circumstances of this case it is controlled by the principle stated in *Flack v. Hood, Comr.,* 204 N. C., 337, and *Smith v. Hood, Comr.,* 204 N. C., 343. The judgment of the court below is

Affirmed.