SCHENCK, J., took no part in the consideration or decision of this case.
This is a civil action, brought by plaintiff against defendant to recover of the defendant Gurney P. Hood, Commissioner of Banks, the sum of $1,940.95, together with interest from 25 January, 1930. That the recovery be declared a preferred claim, paramount to all the rights of unsecured and unpreferred creditors of the said bank. That the defendant be directed to allow said claim against the assets of the insolvent bank as a preferred claim.
An order of Judge Warlick was as follows; "It is agreed by counsel in the above-entitled action that a jury trial is waived, and that the court may, without the intervention of a jury under the agreement herein, hear the controversy in so far as it relates to and as stated therein to the question of whether or not the claim of the plaintiff is a preferred claim against the assets of the insolvent People's Bank of Burnsville, N.C.; that being the only and sole question agreed upon by counsel for the court to pass upon, and all other matters of defense and such matters as appear otherwise as disputed controversies between the parties are retained for a jury trial in the event counsel subsequently seeks to do so, without prejudice to the rights of either the plaintiff or defendant parties to this controversy. Therefore, the court agrees to hear said controversy in so far as it relates, and that only, to whether or not the fund admittedly in the hands of the People's Bank of Burnsville is a preferred claim against the assets of said institution. Wilson Warlick, Judge presiding."
The judgment of the court below was as follows: "Upon the foregoing order of submission to the court of finding the facts and rendering the judgment thereon in the above action, the court finds the following facts: That prior to the January Term of Superior Court for Yancey County, 1930, that J. R. Penland, father of the plaintiff in this action, conveyed certain properties to the plaintiff; that subsequently thereto the plaintiff in this action had instituted against her a civil action by a party by the name of Deck Jarrett, on which judgment was rendered against the plaintiff in this action, and subsequently execution issued out of the office of the clerk of the Superior Court of Yancey County, and under said execution property then vesting in the plaintiff in this action was levied upon, homestead was allotted, and the residue thereupon sold at public sale, as is provided by law for the purpose of the satisfaction of said judgment on which execution had issued; that at the sale of said property under execution, after the allotment of homestead there was received a sum of money which fully compensated the said Deck Jarrett by way of his judgment and left remaining in the hands of the sheriff of Yancey County the sum of $1,940.95; that thereupon the People's Bank of Burnsville instituted its action in the Superior Court of Yancey County to set aside certain conveyances made by the *Page 20 
father of the plaintiff to this action and in said action sought a restraining order which in terms and effect restrained the sheriff of Yancey County from paying over the sum of $1,940.95 to the plaintiff in this action, and sought to attach in said action other property alleged to belong to the plaintiff in this action, Mrs. Sallie Hensley; that thereupon the sheriff of Yancey County, by virtue of a consent judgment, paid over said sum of $1,940.95 to the People's Bank of Burnsville, and it accepted said payment, but without an order of the court; that said consent judgment purported to adjudicate the rights between the parties to a certain action, and that in said action the said Sallie Hensley had filed an answer by and through her counsel, Hon. Charles Hutchins, of the Burnsville bar; that a third party at that time had stated to the law firm of Watson Fouts that he had authority to consent to a judgment in said cause and that action, thereupon the firm of Watson Fouts, which is a highly reputable firm of attorneys, consented to said consent judgment and affixed their names thereto, though they did not represent the said Sallie Hensley, but acted entirely in so consenting on the information given them by the third party; that thereupon, to wit, at the August Term, 1933, Superior Court of Yancey County, in said original case, motion was made before the Hon. Michael Schenck, judge presiding at the said term of court, to set aside said consent judgment, and on a hearing thereof his Honor, Judge Schenck, set said judgment aside after a full hearing thereon, and from said order an appeal was taken to the Supreme Court of North Carolina, wherein said order setting aside said consent judgment was affirmed by the Supreme Court; that in said order, copy of which is hereto attached as a part of this finding of fact, the People's Bank of Burnsville was ordered and adjudged: `That the People's Bank return to the court the sum of $1,940.95, together with interest from the date it was received by said bank, said amount to be held by the court until final determination upon appeal, and then to be paid out according to law.'
"Upon the foregoing finding of fact by the court, for the purpose of this judgment, the court concludes that the People's Bank of Burnsville originally received the sum of money in question from the sheriff of Yancey County in so far as the present plaintiff is concerned without authority; second, that the sum of money herein was then and still is now the property of Sallie Hensley, and has at all times been the property of Sallie Hensley, and that in so receiving it without any authority from the said Sallie Hensley, who had previously thereto filed her answer in said cause, it received it wrongfully and unlawfully, and after receiving it wrongfully and unlawfully, held it with a trust express for the use and benefit of Sallie Hensley without a deposit therefor on her part and contrary to her wishes, and that from the time of its original *Page 21 
receipt up to, including, and through the order of Judge Michael Schenck, holds the said funds as a trust fund, express with the trust thereon, and that the said sum of $1,940.95, together with interest thereon from date it was received by the said bank, as ordered by Judge Schenck, is and shall be a preferred claim against the assets of the People's Bank of Burnsville. This 23 August, 1934. Wilson Warlick, Judge presiding."
The defendant's exceptions and assignments of error are as follows: "(1) For that the court found as a fact that the plaintiff is entitled to a preferred claim against the assets of the People's Bank of Burnsville, N.C. for the sum of $1,940.95, and interest thereon from 25 January, 1930. (2) The signing of the judgment by Judge Warlick, which appears in the record."
While the sheriff of Yancey County held the sum of $1,940.95 as an excess from an execution sale of the plaintiff's property, a consent judgment was entered in favor of the People's Bank of Burnsville, North Carolina, and against the plaintiff by attorneys purporting to represent the plaintiff. Under said consent judgment the sheriff paid the said $1,940.95 over to the People's Bank of Burnsville, North Carolina. The said consent judgment was set aside at the August Term, 1933, of the Superior Court of Yancey County by Schenck, J., on the ground that the attorneys signing said consent judgment on behalf of plaintiff had no authority to represent her. And the People's Bank of Burnsville, N.C. was ordered by said court to return the $1,940.95, with interest, to the clerk of the Superior Court of Yancey County, to be held by him until final determination upon appeal. The bank never returned the money into court as ordered. The said bank was taken over by the defendant Commissioner of Banks on 2 October, 1933, for liquidation. The order of Schenck, J., was affirmed by the Supreme Court of North Carolina in Bank v. Penland,206 N.C. 323.
The only question involved on this appeal is whether the plaintiff, under the facts found by the court below, is entitled to a preferred claim against the assets of the People's Bank of Burnsville, North Carolina, for the sum of $1,940.95, and interest thereon from 25 January, 1930. We think so.
Under a consent judgment, the amount in controversy was paid over by the sheriff of Yancey County, North Carolina, to the People's Bank of Burnsville, N.C. Upon motion in the cause, this consent judgment was set aside by Schenck, J., and on appeal to this Court was affirmed. *Page 22 
In the order setting aside said consent judgment, Schenck, J., ordered and adjudged: "That the People's Bank return to the court the sum of $1,940.95, together with interest from the date it was received by said bank, said amount to be held by the court until final determination upon appeal, and then to be paid out according to law."
The bank, so far as plaintiff was concerned, received the money wrongfully. There existed between her and the bank no relationship of debtor and creditor. Bank v. Bank, 207 N.C. 216.
The bank having never complied with the court order, became liable exmaleficio, and the plaintiff is entitled to a preference. The case ofZachery v. Hood, Comr. of Banks, 205 N.C. 194, is in point. Flack v.Hood, Comr. of Banks, 204 N.C. 337; Andrews v. Hood, Comr. of Banks,207 N.C. 499. The judgment of the court below is
Affirmed.
SCHENCK, J., took no part in the consideration or decision of this case.