STATE OF NORTH CAROLINA IN RELATION TO W. A. ROEBUCK AND HIS GUARDIAN, JAMES S. HARRISON, v. NATIONAL SURETY COMPANY, A CORPORATION.

(Filed 27 January, 1931.)

**1. Appeal and Error J c—Findings of fact supported by evidence are conclusive upon appeal.**

Where a jury trial is waived and the court finds the facts by agreement of the parties, his findings, supported by sufficient evidence, are conclusive on appeal.

**2. Guardian and Ward C b—Bank acting as guardian breaches duty by intermingling ward's funds with bank deposits.**

Where a bank is authorized by its charter to act as guardian it owes the same duty to its ward as an individual would owe to keep the ward's funds separate from other funds of the guardian, and to invest the same as the law applicable to investments requires, and where funds of the ward are accepted by the bank in its banking department and commingled by it with its general deposit funds it violates its fiduciary duties as guardian and is liable to the ward for loss occasioned thereby.

**3. Guardian and Ward H a—Surety company giving bond for guardian is held to same liability as individual.**

A surety corporation allowed by statute to give guardian bonds, C. S., 339, is held to the same liability on a bond given by it as an individual would be, and is responsible to the ward when the guardian's failure to properly perform his duties causes loss to the ward's estate.

**4. Guardian and Ward H b—Surety on bond of bank acting as guardian is liable for loss occasioned by bank intermingling funds.**

A bank authorized by its charter to also act as guardian breaches its duty when it commingles its ward's funds with those of its general depositors, and, where after such wrongful act the bank fails, the surety on the guardian's bond is liable for the loss occasioned thereby to the ward's estate. C. S., 2161, 2162.

APPEAL by defendant from *Moore, Special Judge,* at June Term, 1930, of MARTIN. Affirmed.

In *N. C. Corp. Com. v. Martin County Savings & Trust Co.,* 194 N. C., p. 239, *the facts:* "The National Surety Company filed a petition and motion in the above cause, asking that the receiver of the Martin County Savings and Trust Company be directed to pay in full the claims of certain guardians, receivers and administrators, out of moneys in the hands of the receiver, alleging that said claims were entitled to a preference over general creditors. From an order directing the payment in full of said specified claims in preference to the claims of general creditors, the receiver appeals, assigning error."

In the opinion, at p. 240, it is said: "It is not alleged that the National Surety Company would be liable for the payment of said claims in the event they are not paid by the receiver, and it is observed that the fiduciaries do not join in this request, doubtless for the reason that their interests and the interests of their surety may not in this respect be identical. True, counsel for petitioner and counsel 'for certain of the fiduciary claimants,' not named on the record, join in a single brief, filed in this Court, but we find no order making any of the fiduciary claimants parties of record, nor have they filed any pleading in the cause. Furthermore, it is not alleged that the receiver will be unable to pay all the creditors in full, though this may be taken for granted, perhaps. At any rate, for lack of proper parties and sufficient interest shown upon the record, we think the court erred in directing preferential payment of these claims. For like reason, we do not pass upon the merits of the question. The receiver was properly advised in appealing from the order."

The present action was instituted 21 August, 1930. The defendant surety in its answer said: "That the said funds were deposited in the said bank at the time of said failure, but denies that the said guardian was negligent, and that it did not use due care as to said funds, but alleges that it acted with care and prudence required by law."   .   .   . Further: "And receiving notice from some of the parties that it would be called upon to make payment under the bonds given by it, in behalf of the Martin County Savings and Trust Company covering these interests, it notified the parties concerned that it would disclaim liability on account of the fact that the Martin County Savings and Trust Company had not been guilty of negligence by which there would be liability on its bondsmen, and further that the receiver of the said Martin County Savings and Trust Company was liable for the claims in full, which this defendant is informed and believes constitutes a preference.   .   .   .   That this defendant is informed and believes that these claims, including that of this plaintiff, constitutes preferred claims and that the said R. L. Coburn, receiver of the Martin County Savings and Trust Company, is liable for the payment in full."

The plaintiff in reply says: "It is denied that this claim against the defendant is a preferred claim against the receiver."

R. L. Coburn, receiver of the Martin County Savings and Trust Company, having been made a party to this action, answering, says: "It is expressly denied that said guardian was negligent and that it did not use due care relative to the fund complained of, and on the other hand, this defendant alleges that it used due care and prudence with the funds entrusted to it. . . . That the subject-matter of this action, to wit: The fund claimed by the plaintiff was deposited in the Martin County Savings and Trust Company by said guardian in the usual course of business, and that said guardian fund was intermingled with other funds of said bank and that said fund was deposited without any agreement that it was to be a special deposit and the said bank had no intimation that the funds so deposited was a special deposit, and that in truth and in fact said fund was deposited as other funds and used by the bank in the usual course of business as funds deposited by other depositors, and as this defendant is advised and believes, the plaintiff is not entitled to any preference over the general creditors of said bank."

The judgment of the court below is as follows:

"This cause coming on to be heard, the same having been calendared for trial at this term, both plaintiffs and defendants being represented by counsel and present, the parties having waived a jury trial and agreed for the court to find the facts and the court, after hearing the evidence and argument, finds the following facts:

1. That the Martin County Savings and Trust Company prior to its failure and appointment as receiver, was duly appointed and qualified and acting guardian of W. A. Roebuck, a minor.

2. That the defendant, National Surety Company, a corporation, for the faithful performance of the duties of the said guardian, executed a bond in the sum of $2,000, said bond being in the form as the statute requires, which was executed and on file in the clerk's office at the time of the appointment of the aforesaid guardian.

3. That there came into the hands of the guardian for its ward the sum of one thousand nineteen and 47/100 dollars ($1,019.47), as shown by the final count, which appears of record in the clerk's office, which was duly audited and approved by the clerk Superior Court; that at the time that said guardian was seized of said funds, it deposited same in the Martin County Savings and Trust Company, to the credit of Martin County Savings and Trust Company, guardian of W. A. Roebuck, and was intermingled with other funds of said bank, and that said funds were deposited in the said bank, in the usual manner and custom to the checking account of said guardian, and were deposited in the absence of any agreement; that same was to be a special deposit, and said guardian did not loan said funds on any security.

4. That on the failure of said bank, said funds were still on deposit to credit of said guardian.

5. That plaintiff, James S. Harrison, since the failure of said bank, which was on 28 February, 1925, has been duly appointed, qualified and is now the acting guardian of W. A. Roebuck.

6. That since the institution of this action the receiver of said bank has paid 25 per cent.dividend and.the plaintiff guardian has received a twenty-five per cent (25%) of the one thousand nineteen and 47/100 dollars ($1,019.47), leaving a balance due of seven hundred and sixty-four and 60/100 dollars.

7. That the said bank was authorized by its charter to become guardian for minors, and act in the capacity of guardian.

Now, on motion, upon the aforesaid agreed statement of facts, the judge decrees and orders that the plaintiff recover of the National Surety Company, a corporation, the sum of $764.60, together with interest thereon from 28 February, 1925, and that the cost of this action be taxed against defendant, National Surety Company.

It is further ordered, adjudged and decreed that the defendant, National Surety Company, be subrogated to the rights of the plaintiff, and they are hereby, allowed and permitted to file with R. L. Coburn, receiver, the amount of this judgment, including interest, so that they may receive any dividend on said amount that the said receiver may pay in the future to creditors."

*B. A. Critcher for plaintiff.*
*A. R. Dunning for R. L. Coburn, receiver.*
*S. Brown Shepherd, James E. Shepherd and Hugh G. Horton for National Surety Company.*

CLARKSON, J. The judgment of the court below shows: "Both plaintiffs and defendants being represented by counsel and present, the parties having waived a jury trial and agreed for the court to find the facts and the court, after hearing the evidence and arguments, finds the following facts."

In *Colvard v. Dicus,* 198 N. C., at p. 271, this Court said: "A jury trial was waived and the trial judge found the facts and entered judgment thereon. There was evidence to support the findings of fact, and the facts found support the judgment. In such event the findings of fact and the judgment thereon are conclusive. *Eley v. R. R.,* 165 N. C., 78; *Holmes Electric Co. v. Carolina Power and Light Co.,* 197 N. C., 766."

The findings of fact material for the decision of this action: "That the said bank was authorized by its charter to become guardian for

minors, and act in the capacity of guardian. That there came into the hands of the guardian for its ward the sum of one thousand nineteen and 47/100 dollars ($1,019.47), as shown by the final count, which appears of record in the clerk's office, which was duly audited and approved by the clerk Superior Court; that at the time that said guardian was seized of said funds, it deposited same in the Martin County Savings and Trust Company, to the credit of Martin County Savings and Trust Company, guardian of W. A. Roebuck, *and was intermingled with other funds of said bank, and that said funds were deposited in the said bank, in the usual manner and custom to the checking account of said guardian, and were deposited in the absence of any agreement; that same was to be a special deposit, and said guardian did not loan said funds on any security."*

We must bear in mind that the Martin County Savings and Trust Company was doing a banking business and also under its charter acting as guardian of W. A. Roebuck. It took the guardian funds and intermingled them with the bank funds; it had no more right to do this than an individual.

In Tiffany's Persons and Domestic Relations (2 ed.), p. 343, we find: "So long as the ward's property can be identified in the hands of the guardian in whatever form it may take the ward is entitled to recover it as against the guardian's creditors in case of his insolvency or bankruptcy. Thus where a guardian invested his ward's funds in a promissory note payable to his own order and died insolvent, it was held that the ward was entitled to recover the full amount of the note from the estate. But, if the property of the ward is mingled with that of the guardian in such a way that its identity is lost, the ward has no rights superior to those of general creditors." *Wood v. Bank,* 199 N. C., 371.

In *Sheets v. Tobacco Co.,* 195 N. C., at p. 153, is the following: "For any loss or losses sustained by his ward's estate, by reason of investments made of guardian funds by the guardian, resulting from a breach of his duty with respect to such investments, the guardian and the sureties on his bond are liable. Inasmuch as the law imposes upon a guardian the duty to invest funds in his hands, belonging to his ward, it must follow that the guardian has power and authority, with respect to making investments, commensurate with his duty. In the exercise of this power and authority, conferred upon him in order that he may perform his duty, the guardian is and should be held to a high degree of diligence and good faith. In *Cobb v. Fountain,* 187 N. C., 335, it is said: 'As a general rule, a guardian may discharge himself at the termination of his trust by turning over to the person lawfully entitled thereto whatever securities he may have taken in good faith as a result of the prudent management of his ward's estate.' "

In *Pierce v. Pierce,* 197 N. C., 348, the principle is laid down: The liability of a guardian and the surety on his bond for a loss to the estate of the ward caused by the failure of a bank in which the guardian kept deposits of the estate, does not attach when it is found that the guardian exercised good faith and due diligence, and the refusal of the trial court to substantially submit this issue to the jury under the evidence in this case is reversible error.

The funds were not invested by the guardian, but intermingled with the other funds of the bank; nor was there any agreement that the same was a special deposit made by the guardian or deposit for a special purpose. The principle applicable here is laid down in *Hawes v. Blackwell,* 107 N. C., at p. 199-200, it is there said: "When a bank, in the course of its business, receives deposits of money *in the absence of any agreement to the contrary* (italics ours), the money deposited with it at once becomes that of the bank, part of its general funds, and can be used by it for any purpose, just as it uses, or may use, its moneys otherwise acquired. The depositor, when, and as soon as he so makes a deposit, becomes a creditor of the bank, and the latter becomes his debtor for the amount of money deposited, agreeing to discharge the debt so created by honoring and paying the checks or orders the depositor may, from time to time, draw upon it, when presented, not exceeding the amount deposited. The relation of the bank and depositor is simply that of debtor and creditor, the debt to be discharged punctually in the way just indicated. The contract between them, whether express or implied, is legal ·in its nature, and there is no element of quality in it different from the same in ordinary agreements or promises, founded upon a valuable consideration to pay a sum of money, specified or implied, to another party. There are none of the elements of a trust in it. The bank does not assume or become a fiduciary as to the money deposited for the depositor, nor does it agree to hold a like sum in trust for him. *Boyden v. Bank,* 65 N. C., 13; *Bank v. Millard,* 10 Wall., 152; *Bank v. Schuler,* 120 U. S. R., 511." *Corp. Com. v. Trust Co.,* 194 N. C., at pp. 127-8. See *Ex parte Hemlen,* 156 S. C., 181, 69 A. L. R., 443.

Guardians are required to give bond with certain terms and conditions. C. S., 2161, 2162. A guardian bond can be given in a surety company. C. S., 339. It goes without saying that the surety company is held to the same accountability as an individual who is surety. An individual who acts as guardian cannot fraudulently or knowingly and wilfully misapply or convert money of his ward to his own use, nor can a corporation that has a right under its charter to act as guardian do so. C. S., 4268. Under the facts and circumstances of this case, the bank, acting as guardian had a right to invest its ward's money, but in

so doing is held "to a high degree of diligence and good faith." It did not invest the money of its ward, but intermingled it with other funds in its bank.

C. S., 2162, in part: "The bond must be conditioned that such guardian shall faithfully execute the trust reposed in him as such, and obey all lawful orders of the clerk or judge touching the guardianship of the estate committed to him."

The bank, as guardian, in not investing the funds of its ward, but intermingling it with other funds of its bank, was faithless to the trust reposed in it; and its bondsman, the defendant, must suffer the loss for such faithlessness.

For the reasons given, the judgment of the court below is
Affirmed.