STATE OF NORTH CAROLINA ON THE RELATION OF W. L. HICKS, GUARDIAN OF GLENN HAWKINS, JOSEPH HAWKINS, AND HAZEL HAWKINS, INFANTS, v. CORPORATION COMMISSION OF NORTH CAROLINA, JOHN D. BIGGS, LIQUIDATING AGENT OF FARMERS BANK AND TRUST COMPANY OF FOREST CITY, N. C., AND T. B. LOVELACE, B. B. DOGGETT AND J. A. DENNIS.

(Filed 23 December, 1931.)

**Banks and Banking H d—Where bank commingles funds in its hands as guardian the ward's estate is not entitled to preference.**

Where a bank acting as guardian commingles moneys belonging to its ward's estate with its own assets, and becomes insolvent, a preference in favor of the ward or the sureties on the guardian's bond will not be allowed, but the guardian's bond is liable for the loss occasioned the ward's estate thereby.

APPEAL by defendants, Corporation Commission and John D. Biggs, liquidating agent, from *MacRae, Special Judge,* at March Special Term, 1931, of RUTHERFORD. Modified and affirmed.

This is an action on a guardian's bond, executed by the Farmers Bank and Trust Company, guardian of Glenn Hawkins, Joseph Haw-

kins and Hazel Hawkins, infants, as principal, and by the defendants, T. B. Lovelace, B. B. Doggett and J. A. Dennis, as sureties. The bond is dated 5 July, 1929.

On 4 February, 1930, the Farmers Bank and Trust Company was duly declared insolvent. The Corporation Commission of North Carolina, under the provisions of statutes then in force, took possession of the assets of the said insolvent bank, for the purpose of liquidating its affairs. The said commission appointed the defendant, John D. Biggs, as liquidating agent of said bank, and the said defendant is now engaged in the performance of his duties as such agent.

On 29 April, 1930, the relator, W. L. Hicks, was appointed by the clerk of the Superior Court of Rutherford County as guardian of Glenn Hawkins, Joseph Hawkins and Hazel Hawkins. He has duly qualified as such guardian. At the date of its insolvency and of its removal by the clerk as guardian of said infants, the Farmers Bank and Trust Company had in its hands the sum of $3,000, belonging to the estate of its said wards. The said Bank and Trust Company had received said sum from a former guardian and had failed to invest same as required by law. It had commingled said sum with its funds.

On the foregoing facts, admitted in the pleadings, it was adjudged that plaintiffs recover of the defendants the sum of $3,000, with interest from 5 July, 1929, and the costs of the action. It was further ordered and adjudged that plaintiffs have a preferred claim against the assets of the Farmers Bank and Trust Company of Forest City, now in the hands of the defendants, Corporation Commission of North Carolina (or its successor, the Commissioner of Banks of North Carolina) and John D. Biggs, liquidating agent.

From this judgment, the defendants, Corporation Commission and John D. Biggs, liquidating agent, appealed to the Supreme Court.

*No counsel for appellees.*
*B. T. Jones, Jr., for appellants.*

PER CURIAM. There is no error in the judgment in this action that the relator, W. L. Hicks, guardian of Glenn Hawkins, Joseph Hawkins and Hazel Hawkins, infants, recover of the defendants the sum of $3,000, with interest and costs.

There is error, however, in so much of the judgment as orders and adjudges that the relator has a preferred claim on the assets of the Farmers Bank and Trust Company, now in the hands of the Corporation Commission or its successor, the Commissioner of Banks of North Carolina, or of the defendant, John D. Biggs, liquidating agent. See *Bank v. Corp. Com., ante,* 382, 160 S. E., 360. *Roebuck v. Surety*

*Company,* 200 N. C., 196, 156 S. E., 531. Neither the relator nor the sureties on the bond of the Farmers Bank and Trust Company as guardian are entitled to preference in the distribution of its assets among the creditors of the insolvent bank. The judgment as modified in accordance with this opinion is affirmed.

Modified and affirmed.