### WILLIAM J. COCKE, JR., AND T. A. UZZELL, JR., TRUSTEES, v. GURNEY P. HOOD, COMMISSIONER OF BANKS.

(Filed 20 September, 1933.)

**Banks and Banking H e—**

Judgment that plaintiff was entitled to preferred claim in assets of insolvent bank affirmed upon authority of *Flack v. Hood, Comr.,* 204 N. C., 337.

APPEAL by defendant from *McElroy, J.,* at July Term, 1933, of BUNCOMBE. Affirmed.

Civil action to have plaintiffs' claim against the Central Bank and Trust Company of Asheville, N. C., adjudged a preferred claim upon

the assets of said Bank and Trust Company, which are now in the possession of the defendant as Commissioner of Banks for liquidation.

On the facts found without objection by the court, it was ordered and adjudged that plaintiffs recover of the defendant the sum of $4,072.66, with interest from 19 November, 1930, and the costs of the action; and that said sum is a preferred claim upon the assets of the Central Bank and Trust Company of Asheville, N. C., and shall be paid as such by the defendant in the liquidation by him of said assets.

From this judgment, the defendant appealed to the Supreme Court.

*T. A. Uzzell, Jr., and William J. Cocke, Jr., for plaintiffs.*
*Johnson, Smathers & Rollins for defendant.*

PER CURIAM. The facts found by the court without objection in this action are substantially the same as in *Flack v. Hood, Comr.,* 204 N. C., 337, 168 S. E., 520. The judgment is affirmed on the authority of the decision in that case.

If the effect of the decision in *Flack v. Hood, Comr.,* is to give priority upon the assets of a banking corporation organized under the laws of this State, upon its insolvency, to claims arising out of transactions with its trust department, which is maintained under provisions of its charter, authorized by statute (N. C. Code of 1931, section 217(a), and the result is deemed unjust to depositors in its commercial or savings department, the remedy must be had by legislation. So long as a banking corporation organized under the laws of this State, maintains, as authorized by its charter, a commercial, a savings and a trust department, and does business in each department, the decision in *Flack v. Hood, Comr.,* must remain the law of this State. That decision is in accord with the authorities, and with well settled principles of equity, as administered by courts exercising under constitutional provisions, equitable jurisdiction.

Affirmed.