This is an action brought by plaintiff against defendant contending that certain sums of money constitute a preference against the assets of the Central Bank and Trust Company, now in process of liquidation by Gurney P. Hood, Commissioner of Banks, for the State of North Carolina. By consent the matter was referred to Judge J. P. Kitchin, referee.
Among the findings of fact of the referee, is the following:
"(17) That on the transactions herein set forth the trustee bank charged the account of the plaintiff with commissions for the year 1926-27, $387.64; for the year 1927-28, $216.50; for the year 1928-29, *Page 191 
$317.70; for the year 1929-30, to the day of the closing of the bank, $554.20, which commissions were added to the debit side of the income account of the plaintiff. That on 2 April, 1927, the reasonable market value of the Robinson notes was $2,070.60, and in the sale of the said notes to his account, the Central Bank and Trust Company profited in the amount of $5,642.73; that on 24 June, 1930, and 12 July, 1930, the reasonable market value of the fractional certificates hereinabove referred to were respectively $5,400 and $3,480, and that the trustee, Central Bank and Trust Company, in selling said certificates to the account of the plaintiff, profited in the amount of $3,600 and $2,320; that the profits above referred to were paid into the Central Bank and Trust Company in cash and the cash on hand in the said bank and the assets of said bank were augmented in these amounts.
"(18) That the Central Bank and Trust Company, through its officers and agents, wrongfully and fraudulently appropriated the property of the plaintiff and knowingly and fraudulently permitted the trust funds to be unlawfully diverted from the trust estate and thereby became trustee exmaleficio, and has failed to account to the trust estate for the same, to wit: an unlawful profit of $5,642.73 on 2 April, 1927, in the transaction involving the sale of the Robinson note to the trust estate, and $3,600 and $2,320 respectively on the sale of said fractional certificates in the mortgage pool.
"(19) That the Central Bank and Trust Company unlawfully, wrongfully and fraudulently charged commissions to the income account of the cestui quetrust, involving the wrongful appropriation of the trust estate, amounting to $1,476.04, to which the said Central Bank and Trust Company are not entitled, because of the wrongful appropriation and wrongful dealings with itself, in relation to the trust estate.
"(20) That at all times during the period of the transactions involved in the controversy, the cash on hand in the Central Bank and Trust Company was in excess of the amount claimed by the plaintiff in this proceeding and that upon the closing of the said Central Bank and Trust Company this cash passed into hands of the defendant, Gurney P. Hood, Commissioner of Banks.
"(21) That the plaintiff duly filed with the Commissioner of Banks, due proof of his claim and the same was rejected by the said Commissioner of Banks; that this suit was instituted within the time provided by statute for the same."
Conclusions of law: "Upon the foregoing findings of fact the referee is of the opinion and so holds as a matter of law:
"(1) That the plaintiff is entitled to judgment against the defendant for the sum of $11,562.73, by reason of the wrongful profits taken in dealing with itself in relation to the trust estate. *Page 192 
"(2) That the plaintiff is entitled to judgment against the defendant for the sum of $1,476.04, for commissions wrongfully charged and taken in relation to the trust estate, subject to a credit in the sum of $726.29, the amount of the overdraft shown on the books.
"(3) That the above two items constitute a preference in favor of the plaintiff over the depositors and general creditors of the Central Bank and Trust Company, in any distribution or apportionment of the assets of said bank.
"(4) That the plaintiff is entitled to have returned to him the bond which he was required to deposit to indemnify the bank for the releasing of the security. If the bond cannot be returned or has been liquidated then the plaintiff be paid its value in cash, as of the date of said transaction."
Numerous exceptions were duly made to the report of the referee by defendant. The court below rendered the following judgment, in part:
"It is, therefore, ordered, adjudged and decreed that the said report of J. P. Kitchin, referee, be confirmed as to the findings of fact in each and every respect, and be confirmed as to the findings and adjudications of law in each and every respect, as appears in the said report filed in the Superior Court of Buncombe County, State of North Carolina, on 15 March, A.D.1933; and
"It is further ordered, adjudged and decreed that the plaintiff recover of the defendant, Gurney P. Hood, Commissioner of Banks, ex rel. Central Bank and Trust Company, of Asheville, North Carolina, the sum of eleven thousand, five hundred, sixty-two and 73/100 dollars ($11,562.73), together with the further sum of one thousand, four hundred seventy-six and 04/100 dollars ($1,476.04), the latter sum to be subject to a credit in the sum of seven hundred, twenty-six and 29/100 dollars ($726.29); that both of said amounts to which the plaintiff is entitled be and constitute a preference in favor of the plaintiff over the depositors and general creditors of the said Central Bank and Trust Company in any distribution or apportionments of the assets of said bank, and that the plaintiff share in each and every respect in any and all assets of the said Central Bank and Trust Company, as having priority over general creditors and depositors, and be paid inpari passu with any and all other persons entitled to priority.
"It is further ordered, adjudged and decreed that the defendant return to the plaintiff the Universal Mortgage Company bond referred to in the complaint, said bond being retained by the defendant to secure the payment of an alleged overdraft in plaintiff's account, which overdraft is hereby declared fully paid and satisfied."
In the statement of case on appeal, is the following: "The defendant hereby waives all of its objections and exceptions to the findings of fact *Page 193 
from the said J. P. Kitchin, referee, except that portion of findings of fact No. 17 reading as follows: `That on 24 June, 1930, and 12 July, 1930, the reasonable market value of the fractional certificates hereinabove referred to were respectively $5,400 and $3,480, and that the trustee, Central Bank and Trust Company, in selling said certificates to the account of the plaintiff, profited in the amount of $3,600 and $2,320; that the profits above referred to (so far as profits on the sale of the fractional certificates of investment are concerned), were paid into the Central Bank and Trust Company in cash and the cash on hand in said bank and the assets of said bank were augmented in these amounts.' Defendant admits that if the Central Bank and Trust Company profited at all there is evidence in the record which would justify the amount of profits as set forth in the foregoing quotation from finding of fact No. 17. Its only contention being that there is absolutely no evidence in the record warranting a finding of fact to the effect that the Central Bank and Trust Company was a recipient of whatever profit, if any, was made in the alleged transactions."
The defendant contends that the questions involved are: "(1) Is the plaintiff entitled to recover of the defendant as a preferred claim against the assets of the Central Bank and Trust Company the sum of $11,562.73, the same representing the difference between the face amount of certain collateral purchased by the bank for the plaintiff's trust estate and the actual market value of said collateral, the market value being arrived at by opinion evidence as to the value of certain real estate and other notes, stock and bonds securing the collateral? (2) Is there evidence in the record supporting the finding of fact to the effect that the Central Bank and Trust Company was the recipient of whatever profit was realized in the `Mortgage Pool Transaction.'" Both of the questions must be answered in the affirmative.
It is conceded by defendant: "That it is a well established principle of law that findings of fact by a referee, supported by competent evidence and affirmed by a Superior Court on appeal, are conclusive on the Supreme Court."
We think the evidence, though circumstantial and some opinion evidence, is sufficient to sustain the findings of fact. We do not think it necessary to set same forth. We think the cause is governed by Flack v. Hood, Comr.,204 N.C. 337. For the reasons given, the judgment of the court below is
Affirmed. *Page 194