The following is the findings of fact and judgment of the court below:
"This cause came on for hearing before the undersigned, resident judge of the Sixth Judicial District, at Clinton, N.C. on 22 August, 1933, all parties being represented by counsel, a jury trial was waived, and it was agreed that the court might find the facts and enter judgment such as, in his opinion, the facts would warrant. The facts are:
1. Prior to 5 October, 1917, the Bank of Clinton was a domestic banking corporation, located at Clinton, N.C. with the usual powers incident to a general banking business; but said bank was not empowered by its charter to act as executor, administrator, guardian or trustee, and maintained no trust department as a part of its banking business.
2. John J. Cannady, a citizen of Sampson County, died prior to 5 October, 1917, leaving a last will and testament, which was admitted to probate and appears in Book of Wills No. 6, at pages 16-21 of Sampson County. The material parts of the said will and the codicil thereto, are as follows:
`Item 2. I devise and bequeath all of my property, real and personal, after paying my just debts and funeral expenses, to may beloved wife, Mary C. Cannady, the same to be held and used by her during her natural life.
Item 3. I give, devise, and bequeath to my beloved children, Eddie Cannady, Herman Cannady, Tommie Cannady, Lebbius Cannady, Emma Lee Cannady, Effie Pearl Cannady, Vonnie May Cannady, and to such other children as may hereafter be born, all of my real estate, and also all of my personal property, which shall not be used or disposed of by my said wife during her lifetime, to take effect after the death of my said wife, and said property both real and personal to be held and owned by all of my above named children, share and share alike, and to the exclusion of all others, and should any of said named children, or after-born child, die before the death of my said wife, and without leaving issue, then the share of such child or children so dying shall be held by said other named children and after-born children.' *Page 401 
A codicil attached to said will, bearing date 28 April, 1915, and duly probated at the same time with the foregoing will, is in the following language:
`Codicil. 1, John J. Cannady, being now of sound mind and memory, do make the following codicil to my last will and testament, made by me on 16 August, 1912, as codicil No. 1 to said will:
First: I hereby constitute and appoint the Bank of Clinton, of Clinton, N.C. financial agent of my estate, after my death, for the following specific purposes, to wit, the said bank shall at my death at once take charge of all cash, notes, mortgages, accounts, and other evidences of debt belonging to my estate, and shall proceed to collect said notes, mortgages, accounts, and evidences of debt, and out of the proceeds of said collections and cash pay all debts due by my estate and my funeral expenses and expenses of settling up my estate, and the remainder of said funds said bank shall place at interest during the lifetime of my wife, Mary C. Cannady, and pay her the interest upon said funds, as often as once each year as long as she lives, and at her death, pay said funds to those of my children named and provided for under item three of my will, including my daughter Rosa Belle, born since said will was executed, and any other child or children that I may have born hereafter, and said bank shall not be required to make any bond as such financial agent. Witness my hand and seal, this 28 April, 1915. (Signed) John J. Cannady. (Seal.) Witnesses: Cyrus M. Faircloth, James R. Bass.'
3. No executor was named in said will, and on 5 October, 1917, said Bank of Clinton presented said will and codicil to the clerk of the Superior Court of Sampson County, and caused the same to be probated, and thereupon undertook to execute the provisions of the trust therein and thereby created. The record of the proceedings before the clerk, under which the Bank of Clinton undertook to execute the provisions of the will, was recorded on said 5 October, 1917, in Book of Wills No. 6, page 16, et seq., of the office of the clerk of the Superior Court of Sampson County, and duly indexed.
4. On 12 April, 1919, the said Bank of Clinton filed with the clerk of the Superior Court a paper-writing entitled `Annual Statement of Account of the Bank of Clinton, Financial Agent, appointed under the will of John J. Cannady, deceased,' which account is recorded in Book of Annual Accounts No. 10, at pp. 120 to 122, inclusive. A copy of said annual account is hereto attached, marked Exhibit A, and made a part of this finding of fact. Said account shows a net principal of cash in hand of $1,365.55, after deducting commissions of 5 per cent and a note executed by C. S. Royal of $500, which note was afterwards collected by the bank. *Page 402 
5. On 12 April, 1919, said Bank of Clinton issued to itself a certificate of deposit in the following words and figures: `The Bank of Clinton, No. 13127. Not subject to check. Clinton, N.C. 12 April, 1919. There is deposited in this bank $1,365.55 (thirteen hundred sixty-five dollars fifty-five cents), payable to the order of the Bank of Clinton, Financial Agent of Mary C. Cannady, upon return of this certificate properly endorsed. Interest will be allowed hereon at the rate of 4 per cent per annum for whole months if allowed to remain three months or longer. J. A. Stewart, Ass't Cashier.'
On the back of this certificate are memoranda showing payment of interest up to 12 January, 1931. Said memoranda show that the interest was paid periodically from the date of the certificate until 12 January, 1931.
6. On 26 April, 1920, the Bank of Clinton issued to itself another certificate of deposit, No. 14968, for $500.00, representing the collection of the C. S. Royal note, said certificate being in the same form as the one referred to in Finding No. 5. On the back of this certificate there are memoranda showing that interest was paid thereon up to 26 April, 1931. The memoranda on the back of the said certificate show that the interest was paid periodically from the date of the certificate until 26 April, 1931.
7. Said two certificates of deposit represented the net principal in the hands of the said Bank of Clinton from collections made by it, and cash belonging to the estate of John J. Cannady, after deducting commissions of 5 per cent; and the court finds that the said money so collected and held by said bank augmented the assets of said bank to the extent of the aggregate of said two certificates, to wit, $1,865.55.
8. The Bank of Clinton closed its doors on 20 June, 1931, and was immediately taken over by the Commissioner of Banks, who now has the same in charge for the purpose of liquidation; and among the liabilities of the said bank, listed in the `Report on the Bank of Clinton. Clinton, N.C. as of 20 June, 1931, of Gurney P. Hood, Commissioner of Banks, and filed in the office of the clerk of the Superior Court of Sampson County, as required by law (C. S., 218(c), subsection 9), are the following: `(A) Bank of Clinton, Financial Agent, Mary C. Cannady, $1,365.55, certificate of deposit No. 13127, date issued 4-12-19.' No accrued interest noted. (B) `Bank of Clinton, Financial Agent, Mary C. Cannady, $500.00, certificate of deposit No. 14968, date issued 4-26-20.' No accrued interest noted.
9. The said sum of $1,865.55 was collected by the said bank as the financial agent of the estate of John J. Cannady, under the provisions of his will and codicil, and the assets of said bank were augmented and increased thereby to the extent of said collections. When said bank *Page 403 
closed its doors in June, 1931, it had on hand in available cash the total sum of $3,176.19, in vault, and $3,811.29 in other banks, all of which passed into the hands of the defendant, Gurney P. Hood, Commissioner of Banks, who held and holds the same, impressed with whatever trust or fiduciary character said moneys had in the hands of the said Bank of Clinton.
10. The Bank of Clinton did not maintain a trust department, and the moneys above referred to, amounting to $1,865.55, were commingled with other moneys, and there is no way to identify the particular moneys received into said bank from the estate of John J. Cannady from the other funds in the hands of said bank; and it did not appear that at any time between the dates when said bank received and collected said money and the closing of said bank did the said bank ever have a less amount of cash than the sum of $1,865.55.
11. The court finds that statutory preferences have been allowed on various items, totaling $12,577.88, against the defendant, Gurney P. Hood, as shown by his books and records.
12. There are not sufficient funds in the hands of said Commissioner of Banks to pay off the unsecured creditors or to meet all of the depository liabilities of said bank in full.
13. The court finds that the certificates of deposit referred to in findings Nos. 5 and 6, and also No. 8, were never delivered to Mary C. Cannady, but were kept at all times by the Bank of Clinton and passed into the hands of the Commissioner of Banks when it closed its doors in June, 1931. The Court also finds that the issuance of said certificates was adopted by the bank as a method of bookkeeping, and for its own convenience.
14. Mary C. Cannady, life tenant under the will and codicil of John J. Cannady, knew that the moneys involved in this proceeding were being held in said bank, and periodically came to said bank and demanded and received interest thereon at 4 per cent per annum, and made no protest as to the manner of the handling of said funds by said bank.
15. Mary C. Cannady died 7 December, 1932, and the parties plaintiff, except Dr. O. E. Underwood and Wm. G. King, are the children of John J. Cannady, and are the only persons beneficially interested in the funds in controversy under the terms of his last will and codicil. No bond was ever filed by the said bank as financial agent for the estate of John J. Cannady, and the plaintiffs are compelled to look solely to the assets of the bank itself for relief, if any relief is to be had.
16. That after the Bank of Clinton closed, O. E. Underwood was appointed administrator c. t. a. of John J. Cannady by the clerk of the Superior Court of Sampson County, and as such instituted this proceeding; *Page 404 
but before hearing, and on suggestion of the defendant, the other plaintiffs named in the caption, beneficiaries under the will, were made parties plaintiff, and filed their pleadings; that no other person was appointed or assumed the duties of personal representative of the said estate other than the Bank of Clinton, in the form and manner hereinbefore stated; the court finds that O. E. Underwood, administrator c. t. a. of John J. Cannady, has no interest in the controversy.
Upon consideration of the foregoing facts, as found by the court, the court is of the opinion that the Bank of Clinton was a trustee of an express trust, under the will of John J. Cannady; that the moneys received by it from cash and collections were the property at all times of the plaintiffs, subject to the payment of annual interest thereon to Mary C. Cannady, and subject also to commissions of the trustee; that, although said moneys were commingled with other moneys of said bank, the said bank at all times, after receiving and commingling said moneys until the date of its closing, had sufficient cash on hand more than equal to said trust moneys, and said trust moneys went to augment the assets of said bank which came into the hands of the defendant; that the assets which came into the hands of the defendant, Commissioner of Banks, is impressed with the trust in favor of the plaintiffs, beneficiaries under the will of John J. Cannady, to the amount of $1,865.55. It is, thereupon, considered and adjudged that the plaintiffs, beneficiaries, recover of Gurney P. Hood, Commissioner of Banks, out of the assets in his hands as liquidating agent of the Bank of Clinton the sum of $1,865.55, with interest from date of this judgment at 6 per cent, together with the costs of this action, to be taxed by the clerk, which recovery is hereby declared to be preferred and paramount to all the rights of unsecured and unpreferred creditors of the said Bank of Clinton."
The respondent, Commissioner of Banks, excepted and assigned error and appealed to the Supreme Court. The exceptions and assignments of error are as follows: "(1) The respondent assigns as error the ruling of his Honor to the effect that the claim of the petitioners constitutes a preference against the assets of the Bank of Clinton in the hands of the respondent for liquidation and in ordering said claim to be paid before the payment of the unpreferred claims. (2) The respondent assigns as error the signing of the judgment, as appears of record."
The facts were carefully found by the court below and are set forth above.
The codicil of the will of John J. Cannady provides that after settling the estate "The remainder of said funds said bank shall place at *Page 405 
interest during the lifetime of my wife, Mary C. Cannady, and pay her the interest upon said funds as often as once each year as long as she lives. . . . And said bank shall not be required to make any bond as such financial agent."
The bank followed these instructions in good faith and was guilty of no wrong. If the testator in his lifetime had deposited the money in the bank, with instructions to pay the interest on same to his wife for life and thecorpus to certain of his children, we do not think that this could be distinguished from the other general deposits of a bank when it became insolvent. In fact, as shown in the findings of fact, certificates of deposit were issued for $1,365.55 and $500.00. A notation on the certificates of deposit was as follows: "The Bank of Clinton, financial agent for Mrs. Mary C. Cannady," signed by the assistant cashier, and the interest was paid on same to 12 January, 1931. We think this a general deposit and plaintiffs cannot be allowed a preference. This case is governed by Bank v. Corporation Com., 201 N.C. 381, and In re GarnerBanking Trust Co., 204 N.C. 791. The facts in Lawrence v. Hood, ante, 268, are different.
For the reasons given, the judgment of the court below is
Reversed.