Civil action to establish preference, or priority of claim, to funds in the hands of the liquidating agent of insolvent bank.
The case was heard by the court without the intervention of a jury upon facts alleged and admitted or not denied:
1. On 2 January, 1931, J. D. Bardin, ex-clerk Superior Court for Wilson County (his term of office having expired first Monday in December, 1930) turned over to the Planters Bank of Wilson, as the financial agent of Wilson County, the sum of $18,621.40, as directed and required to do by the provisions of chap. 299, Public-Local Laws, 1927, the same being funds in the hands of the clerk belonging to minors, wards, and estates, and received by him by virtue of his office. An itemized statement showing the persons to whom the various funds belonged was duly presented, and the same were received with full knowledge of the character and details of the different accounts.
2. The Planters Bank as financial agent of Wilson County, executed and delivered receipt for said funds "in full discharge to the said clerk for any liability incurred by him because of the receipt of said funds." Section 2, chapter 299, Public-Local Laws, 1927.
3. By section 3 of said act it is provided that the financial agent "shall keep said funds until they shall become due and payable to the person entitled to receive them; . . . shall invest the same in good, safe, interest-bearing securities . . . and shall annually render to the clerk of the Superior Court an account as is required of guardians, administrators and other trustees."
4. The funds in question were received under and by virtue of the provisions of this act.
5. The Planters Bank instead of investing said funds in good, safe, interest-bearing securities, mixed and commingled the same with other funds and moneys of said bank.
6. On 28 December, 1931, the said Planters Bank closed its doors on account of insolvency, and the Commissioner of Banks duly took over *Page 270 
its assets for liquidation. Of the amount originally received and credited to this account, the sum of $11,769.29 was on deposit to the credit of said account at the time of the bank's closing.
7. The Branch Banking and Trust Company was duly appointed financial agent of Wilson County as successor to the Planters Bank. As such successor, claim was duly made for the above amount and allowed as a common claim, but denied as a preferential one.
This suit is to determine the priority of plaintiff's claim, which was allowed as such by the court below on the foregoing undisputed facts, and from this ruling the defendant appeals.
Perhaps the impolicy of turning over trust funds belonging to minors, wards, and estates, to a financial agent, though a banking institution, without requiring any bond for their security, is what led the trial court to perceive that a preference was intended by the General Assembly in case of insolvency of such institution. But there is nothing in the act which conveys the impression that the Legislature intended to make the creditors of the financial agent, in case of insolvency, insurers of said funds.
The heart of a statute is the intention of the law-making body.
Under the decisions in Hicks v. Corp. Co., 201 N.C. 819,161 S.E. 545, Bank v. Corp. Com., 201 N.C. 381, 160 S.E. 360, and Roebuck v.Surety Co., 200 N.C. 196, 156 S.E. 531, plaintiff's claim is properly provable as one of commonalty, but not as one of preference.
The cases of Flack v. Hood, 204 N.C. 337, 168 S.E. 520, and Parkerv. Trust Co., 202 N.C. 230, 162 S.E. 564, upon which plaintiff relies, are easily distinguishable.
Error.