ALEXANDER BOYD ANDREWS, 3RD, v. GURNEY P. HOOD, COMMIS-
SIONER OF BANKS, NORTH CAROLINA BANK AND TRUST COMPANY,
AND THE RALEIGH SAVINGS BANK AND TRUST COMPANY.

(Filed 1 January, 1935.)

1. **Banks and Banking H e—Savings deposit to be held by bank and paid
to depositor's grandson upon his majority held a trust fund.**

Where a deposit is made in a savings bank under an agreement, entered
in a deposit pass book, that the funds should be held by the bank at
interest until depositor's grandson reached the age of twenty-one, and then
paid to him, or if the grandson should die before attaining his majority,
the funds, upon his death, should be paid his mother, the deposit is not
subject to the check of the depositor, but is held by the bank for a particu-
lar purpose, and constitutes a trust fund which, if the bank should be-
come insolvent, would entitle the beneficiary of the deposit to a preference
in its assets.

2. **Banks and Banking J c—**

Where a bank holds a sum of money as a trust fund, and thereafter the
bank is merged with another bank, the merged bank also holds the funds
as a trust fund.

APPEAL by plaintiff from *Grady, J.,* at Chambers in Raleigh, N. C.,
on 22 May, 1934. Reversed.

This is an action to have plaintiff's claim against the North Carolina
Bank and Trust Company, which is now in process of liquidation by the
defendant Gurney P. Hood, Commissioner of Banks, because of its
insolvency, adjudged a preferred claim and ordered paid as such claim
by the defendant out of the assets of the North Carolina Bank and
Trust Company.

It is alleged in the complaint and admitted in the answer that the
North Carolina Bank and Trust Company is a corporation, organized
under the laws of this State, and that prior to its insolvency the said
corporation was engaged in business as a commercial bank, a savings
bank, and a trust company, as authorized by its certificate of incorpo-
ration.

It is also alleged in the complaint and admitted in the answer that the
Raleigh Savings Bank and Trust Company was a corporation, organized
under the laws of this State, and that prior to its merger with the North
Carolina Bank and Trust Company the said corporation was engaged
in business as a savings bank and trust company, as authorized by its
charter. The said corporation was not authorized by its charter to
engage in business as a commercial bank.

In their answer the defendants admit that the claim of the plaintiff
against the North Carolina Bank and Trust Company is a valid claim;

they deny that said claim is a preferred claim, and as such entitled to preferential payment.

At the hearing before Judge Grady it was admitted that the facts with respect to plaintiff's claim are as follows:

"On 15 September, 1913, Col. A. B. Andrews, now deceased, deposited in the Raleigh Savings Bank and Trust Company the sum of $500.00, and took from the proper official of said company a receipt, which was written in a pass book, and is in words as follows:

" 'This $500.00 is deposited in the Raleigh Savings Bank and Trust Company to the credit of Alex Boyd Andrews, 3rd, son of Mr. John H. Andrews and Mrs. Mabel Y. Andrews, by his grandfather, A. B. Andrews, of Raleigh, N. C., to remain at interest until he arrives at the age of twenty-one (21) years (12 January, 1934), at which time the principal and interest is to be paid to the order of the said Alex Boyd Andrews, 3rd; if he should die before he arrives at the age of twenty-one (21) years, the principal and interest upon same shall upon his death be paid to his mother, Mabel Y. Andrews, or as she shall direct.'

"Said deposit remained in said Raleigh Savings Bank and Trust Company until the year 1929, when the said company was merged with the North Carolina Bank and Trust Company, and said deposit, with whatever character it originally bore, was delivered and transferred to said North Carolina Bank and Trust Company. Thereafter the North Carolina Bank and Trust Company rendered its statement to the plaintiff, as of 1 January, 1933, showing that said deposit, with accrued interest, then amounted to $1,062.06.

"On 28 December, 1933, the plaintiff, through his attorney, Hon. James S. Manning, filed with said Gurney P. Hood, Commissioner of Banks, a claim for the full amount of said deposit, with all accrued interest thereon, contending that the same was a preferred claim in law, and on 24 January, 1934, the said Commissioner declined to allow said claim as a preferred claim.

"Again, on 17 January, 1934, the plaintiff, being then of full age, presented his claim to the said Gurney P. Hood, Commissioner of Banks, and demanded that the total amount of said deposit, with accrued interest, be paid to him as a preferred claim. The claim of the plaintiff was rejected by the said Commissioner of Banks as a preferred claim."

On the foregoing facts, the court was of opinion that "the deposit in question was nothing but a savings account, and that it was not impressed with any trust or other quality which entitled the plaintiff to a preference in its payment."

It was accordingly ordered and adjudged by the court that "the plaintiff is entitled to recover of the defendants the sum of $1,062.06, with interest thereon at six per cent per annum from 1 January, 1933, as a simple

contract debt; and that the plaintiff is not entitled to any preference over and above other unsecured creditors of the defendant North Carolina Bank and Trust Company."

The plaintiff excepted to the judgment and appealed to the Supreme Court, assigning as error the holding of the court that plaintiff's claim is not a preferred claim.

*Manning & Manning for plaintiff.*
*Brooks, McLendon & Holderness for defendants.*

CONNOR, J.  The sum of $500.00 was not deposited by Colonel Andrews or accepted by the Raleigh Savings Bank and Trust Company as a savings deposit, subject to the control of Colonel Andrews as a depositor.  The receipt signed by an official of the company and delivered to Colonel Andrews, for the plaintiff, although written in a pass book, shows that it was the intention of both Colonel Andrews and the company that said sum should be held by the company as a trust fund, and, with interest, should be paid to the plaintiff upon his arrival at the age of twenty-one years, or if the plaintiff, who was at the date of the deposit an infant, should die before arriving at the age of twenty-one years, should be paid to his mother, Mrs. Mabel Y. Andrews.  The said sum of $500.00 remained with the Raleigh Savings Bank & Trust Company as a trust fund until 1929, when the said Savings Bank and Trust Company was merged with the North Carolina Bank and Trust Company. At the date of said merger the said sum, with interest, which had been credited on said sum from time to time, was delivered to the North Carolina Bank and Trust Company, which thereafter held said sum as a trust fund for the plaintiff.  For this reason the plaintiff's claim is entitled to preferential payment out of the assets of the North Carolina Bank and Trust Company, which are now in the hands of the defendant Gurney P. Hood, Commissioner of Banks, for liquidation, because of the insolvency of the North Carolina Bank and Trust Company.

In *Flack v. Hood, Comr.*, 204 N. C., 337, 168 S. E., 520, it is said: "In the liquidation of insolvent banks, the general depositors are entitled to no preference, and must share pro rata with the general creditors. *Corp. Com. v. Trust Co.*, 194 N. C., 125, 138 S. E., 530.  But when the deposits are made with the distinct understanding that they are to be held by the bank for the purpose of furthering a transaction between the depositor and a third person, or where they are made under such circumstances as give rise to a necessary implication that they are made for such a purpose, the deposits become impressed with a trust which entitled the depositor to a preference over the general creditors of the

bank in case the bank becomes insolvent while holding the deposits. *Corp. Com. v. Trust Co., supra.*"

This principle is applicable to the admitted facts with respect to the plaintiff's claim in the instant case. There is error in the judgment denying the plaintiff the right to preferential payment of his claim against the North Carolina Bank and Trust Company.

The principle on which the judgment in *Underwood v. Hood,* 205 N. C., 399, 171 S. E., 364, was reversed is not applicable in the instant case. In that case the Bank of Clinton had deposited with itself funds which it held as a fiduciary. It held these funds as a general deposit, and not as trust funds. For that reason it was held that the beneficiaries of said funds were not entitled to preferential payment. As said in the opinion, that case was governed by *Bank v. Corp. Com.,* 201 N. C., 381, 160 S. E., 360, and *In re Garner Banking and Trust Company,* 204 N. C., 791, 168 S. E., 813.

The judgment in the instant case is

Reversed.