TOWN OF WAKE FOREST v. MINTA R. HOLDING.

(Filed 27 February, 1935.)

1. **Statutes C a—Proviso exempting from operation of repealing statute a designated county held not to apply to municipalities in the county.**

An act relating to establishment and collection of tax liens was thereafter amended by exempting from its provisions certain "counties and each municipality therein." Thereafter the act was repealed, but the repealing act provided that nothing therein should affect one designated county of the State: *Held,* the proviso in the repealing act exempting from its operation the designated county does not apply to municipalities within such county, and as to municipalities in such county the original act is repealed in accordance with the legislative intent.

2. **Statutes A b—Act relating to tax liens and collection of taxes which applies to one county only held void.**

An act relating to establishment and collection of tax liens was thereafter repealed by a subsequent act of the same Legislature, but the repealing act exempted from its operation one designated county of the State: *Held,* the original act is void as a violation of Art. II, sec. 29, of the State Constitution, since it is applicable to only one county of the State.

APPEAL by plaintiff from *Moore, Special Judge,* at March Term, 1934, of WAKE.

Civil action instituted under chapter 148, Public Laws 1933, to collect street assessments in the town of Wake Forest, a municipality located in Wake County.

From a judgment dismissing the action plaintiff appeals.

*Wilson & Green and Morehead & Murdock for plaintiff.*
*Clem B. Holding and John G. Mills, Jr., for defendant.*

STACY, C. J. It is conceded, for the purposes of the appeal, that the provisions of chapter 148, Public Laws 1933, have been observed in regard to establishing liens for the nonpayment of past-due assessments and taxes, but it is denied by the defendant that said act is applicable to the collection of street assessments in the town of Wake Forest.

The act in question was ratified 13 March, 1933. Thereafter, at the same session of the General Assembly, between the dates of 20 April and 12 May, the act was amended nine times by exempting from its provisions certain "counties and each municipality therein."

Finally, on 15 May, the said act was repealed by chapter 560, Public Laws 1933, but the repealing act contains the provision: "Nothing in this act shall be construed as affecting Wake County."

The question then arises: Does the exemption of Wake County from the operation of the repealing act leave the provisions of the original act in effect as to a municipality located in Wake County? The answer is, No, whether viewed from the standpoint of legislative intent (*Trust Co. v. Hood,* 206 N. C., 268, 173 S. E., 601), or as violative of Art. II, sec.. 29, of the Constitution.

It follows, therefore, that the judgment is correct.

Affirmed.