DEVIN, J., took no part in the consideration or decision of this case.
R. O. Jeffress, of Haywood County, N.C. died on 10 November, 1922, having first made and executed a last will and testament, which was duly admitted to probate in the said county of Haywood in the office of the clerk of the Superior Court of said county. Under the terms of said will certain specific devises and bequests were made and the remainder of his property, either real, personal, or mixed, whatever kind or character and wherever situated, of which he was seized and possessed, was bequeathed and devised by the said testator unto the Central Bank and Trust Company of Asheville, N.C. and its successors and assigns, to be held in trust upon the terms and conditions and for the uses and purposes set out in said will. The said Central Bank and Trust Company was named in said will as executor as well as trustee, and duly qualified as executor, and accepted the trust, as set out and contained in said will. That the said Central Bank and Trust Company duly administered the said estate as executor, and after the same had been fully administered there was left in its hands assets to the amount of $107,259.08, which it transferred to itself as trustee in accordance with the last will and testament of the said R. O. Jeffress, all as shown by its final account duly filed in the office of the clerk of the Superior Court of said Haywood County.
The Central Bank and Trust Company became insolvent and is being liquidated by the proper legal authorities. On account of the inability of the said Central Bank and Trust Company to administer the said trust created under the terms of the said will, the Independence Trust Company, a State banking corporation of the city of Charlotte, N.C. was, on 7 January, 1931, appointed successor trustee to the said Central *Page 496 
Bank and Trust Company upon due petition and according to law, and the said Independence Trust Company accepted said successor trusteeship, and entered upon its duties as such, and called upon the Corporation Commission, through and by its then liquidating agent, to deliver to said Independence Trust Company all of the assets and securities which came into the hands of the said liquidating agent as the property of the said Jeffress estate, and pursuant to said request and demand certain securities were delivered to said Independence Trust Company by the then liquidating agent, with the consent of the Corporation Commission.
The said Independence Trust Company, in its capacity as successor trustee, within the time allowed by law, and upon the proper parties filed proof of its claim for preference, and that within the time allowed by law the said claim was denied by the liquidating agent in charge as a preferred claim. Thereafter, within the time allowed by law, the said Independence Trust Company, as successor trustee, on 17 August, 1931, instituted in the Superior Court of Buncombe County, N.C. a certain civil action entitled, "Independence Trust Company, Trustee of the Estate of R. O. Jeffress,deceased, v. Gurney P. Hood, Commissioner of Banks, and G. N. Henson, Liquidating Agent of the Central Bank and Trust Company of Asheville, North Carolina"; the summons in said action was issued on 17 August, 1931, and duly served by the sheriff of Wake County, North Carolina, on 18 August, 1931. The said action was instituted for the purpose of establishing a preferred claim against the defendant and creating the plaintiff in its capacity aforesaid as a preferred creditor of said Central Bank and Trust Company.
Thereafter, and during the pendency of said civil action above referred to, to wit, 20 May, 1933, the said Independence Trust Company failed to open its doors on account of its insolvency, and Gurney P. Hood, Commissioner of Banks of North Carolina, thereupon took due possession and control of the management and affairs of the said Independence Trust Company, as provided by the statutes of North Carolina, and thereafter, to wit, on 23 December, 1933, Lee Parker, the plaintiff herein, upon proper application, after the resignation of the Independence Trust Company as successor trustee, was duly appointed successor trustee of the estate of R. O. Jeffress, deceased, by the clerk of the Superior Court of Haywood County, North Carolina, and such appointment was duly approved by the Hon. Felix E. Alley, resident judge of the Superior Court of Haywood County, and the said Lee Parker, the plaintiff herein, duly filed his bond and otherwise in all respects fully and completely complied with all of the requirements of his said order of appointment, and is now the duly qualified and acting successor trustee of the estate of R. O. Jeffress, deceased. *Page 497 
On 5 March, 1934, upon due petition made and filed in the Superior Court of Buncombe County, N.C. the said Lee Parker, plaintiff herein, was, by order of the judge of the Superior Court of North Carolina presiding over and holding the regular courts for Buncombe County, N.C. designated as party plaintiff in the above entitled action and granted the right to prepare and file a supplemental complaint in said action.
The prayer for judgment was as follows:
"Wherefore, the plaintiff prays judgment against the herein defendant as follows:
"1. That the plaintiff, as trustee of the estate of R. O. Jeffress, deceased, have and recover the sum of $69,019.42, with interest thereon from 27 October, 1930; that the said amount be constituted a judgment lien against the assets of the said Central Bank and Trust Company, and that the herein defendant be ordered to pay the same out of the said assets first coming into his hands as and for a preferred claim against the said Central Bank and Trust Company.
"2. That the plaintiff, as trustee of the estate of R. O. Jeffress, deceased, be declared a preferred creditor of the said Central Bank and Trust Company, and his claim be declared entitled to preference and be paid out of the assets first coming into the hands of the within defendant and before payment to general creditors of said Central Bank and Trust Company.
"3. That the defendant be required to make full disclosure to the court of all the transactions of the said Central Bank and Trust Company with respect to the said estate; that the defendant be required to disclose what, if any, solvent securities came into the hands of the said liquidating agent, which were acquired by the said Central Bank and Trust Company by the exchange therefor of sound securities of the Jeffress estate, and for which sound securities the said Central Bank and Trust Company took or assumed to take worthless or unsound securities, for the account of the Jeffress trust estate.
"4. That the value of the assets of said estate, which came into the hands of the Central Bank and Trust Company, and the value of the assets which the said liquidating agent turned over to this plaintiff, be appraised by the court, and treated and held by plaintiff as security, and that the plaintiff have judgment against the defendant for preference in payment to the amount of $69,019.42, with interest on whatever amount is determined by the court to be the difference between the value of the assets received by the said Central Bank and Trust Company, as aforesaid, and the value of the assets coming into the hands of this plaintiff from the said liquidating agent. *Page 498 
"5. For the costs of this action, and
"6. For such other and further relief as to this court may seem proper and just."
The defendant denied the material allegations of the complaint, and denied that plaintiff was entitled to a preference, and further prayed that the action be dismissed.
The matter was referred to J. G. Merrimon, referee, who in an elaborate report found the facts and made his conclusions of law, and denied the preference. Numerous exceptions and assignments of error were made to the report by plaintiff. The court below overruled the exceptions and assignments of error made by plaintiff, and rendered the following judgment:
"This cause coming on to be heard, upon the report of J. G. Merrimon, referee, and upon the exceptions filed by the plaintiff to said report, and having been heard, and the court being of the opinion that the evidence fully sustains the referee's findings of fact and his conclusions of law thereon; It is accordingly ordered and adjudged that the plaintiff's exceptions and assignments of error to said referee's report be and each of them is hereby overruled, and the report of the said referee be and it is in all respects, both as to findings of fact and conclusions of law, confirmed. It is further ordered that the plaintiff take nothing by his writ, and that the defendant go hence without day and recover his costs, to be taxed by the clerk. Wilson Warlick, Judge presiding."
The plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court.
We think it unnecessary to go into a long discussion of this case. We think the judgment of the court below denying plaintiff a preference correct, but a judgment for the plaintiff should have been rendered for the debt due by the Central Bank and Trust Company to plaintiff.
The referee, in an able and carefully prepared report, covering every aspect of the controversy, both the facts and law, has this to say: "In view of the decision in the case I have cited, Cocke v. Hood, 207 N.C. 14, and the many authorities which I have read, I have felt compelled to find and conclude that the plaintiff in this case is not entitled to the relief demanded in his complaint, and that judgment should be entered for the defendant, and the costs to be fixed by the court. . . . It is impossible to state how much time I did spend in investigation of the *Page 499 
law involved in this case, for, as stated, my sympathies — if I were permitted to have any — were with the plaintiff. I regret my inability to afford the relief demanded, especially so, as the general creditors will not receive anything in the way of dividends according to my information, and it was only after long research and investigation that I have become convinced that there was no other decision which I could render. If I am in error, I am very glad that the court will have the opportunity to correct me."
There was evidence to support the referee's findings of fact and his judgment was confirmed by the court below "In all respects, both as to findings of fact and conclusions of law." These findings of fact are ordinarily conclusive on this Court. The funds were intermingled and commingled in the Central Bank and Trust Company, and the transaction was one of debtor and creditor; and in other respects in the shifting of the funds there was no new money. Bank v. Corporation Commission, 201 N.C. 381;Hicks v. Corporation Commission, 201 N.C. 819. We think the case ofAndrews v. Hood, Comr., 207 N.C. 499, distinguishable.
For the reasons given, the judgment of the court below is
Modified and affirmed.
DEVIN, J., took no part in the consideration or decision of this case.