THE NORTH CAROLINA MASONIC FOUNDATION ET AL. v. GURNEY P. HOOD, COMMISSIONER, ET AL.

(Filed 29 April, 1936.)

**Banks and Banking H e—Deposit by fiduciary in bank acting as custodian of its funds held not to constitute preferred claim.**

The foundation of a benevolent society selected a bank to act as custodian of its funds, agreeing that the bank acting as custodian should receive a stipulated sum annually for its services and should treat the funds like other savings deposits, the foundation retaining control over the funds and receiving interest thereon. At the time the bank became insolvent and closed its doors, the funds were represented by certificates of deposit. *Held:* The foundation is entitled to prove its claim against the bank for the deposit as a common claim, but is not entitled to a preference thereon.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Cowper, Special Judge,* at October Term, 1934, of WAKE.

Civil action to establish preference, or priority of claim, to funds in hands of liquidating agent of insolvent bank.

In January, 1931, funds and investments held by the "Masonic Temple Committee" were transferred to plaintiff, North Carolina Masonic Foundation, which corporation, in July of that year, selected the North Carolina Bank and Trust Company "as custodian of its securities and cash principal, the committee deposits to be treated like other savings deposits, and to be held subject to the orders of the trustee," compensation to the bank for so acting being fixed at $50.00 per annum. The bank operated both a trust department and a savings department under charter authorization.

With knowledge of the plaintiffs, all moneys placed with the bank were deposited by the custodian in its regular savings department, and were "treated like other savings deposits," *i.e.,* commingled with the general assets of the bank, used as such, and interest was paid thereon.

When the bank reduced its interest rate on savings deposits to 3%, the form of the account, which then amounted to $100,000, was changed to certificates of deposit (four of $25,000 each), bearing interest at the rate of 4% per annum.

In January, 1932, on instructions from the plaintiffs, the bank purchased out of said funds and for said account $50,000 of Liberty Bonds, reducing the cash account to $50,000—represented by two certificates of $25,000 each, at which figure it stood until the bank closed in 1933. The Liberty Bonds have been turned over to plaintiffs.

Five per cent of plaintiffs' cash claim has been paid, and defendants concede the balance is properly provable as a common claim. The plaintiffs seek a preference.

From judgment denying a preference, and reserving all other matters for future determination, plaintiffs appeal, assigning errors.

*Dunn & Johnson, Pou & Pou, and J. L. Emanuel for plaintiffs.*
*Brooks, McLendon & Holderness for defendants.*

STACY, C. J. Is plaintiffs' claim one of preference or one of commonalty? This is the only question. The amount is agreed upon, and all other matters were reserved for future determination.

It is not perceived upon what theory the case can be distinguished in principle from a general deposit by any other legally self-depositing fiduciary, *e.g.,* fiscal or financial agent (*Trust Co. v. Hood, Comr.,* 206 N. C., 268, 173 S. E., 601; *Underwood v. Hood, Comr.,* 205 N. C., 399, 171 S. E., 364), executor (*In re Garner Banking and Trust Co.,* 204 N. C., 791, 168 S. E., 813), guardian (*In re Home Savings Bank,* 204 N. C., 454, 168 S. E., 688; *Bank v. Corp. Com.,* 201 N. C., 381, 160 S. E., 360; *Hicks v. Corp. Com.,* 201 N. C., 819, 161 S. E., 545; *Roebuck v. Surety Co.,* 200 N. C., 196, 156 S. E., 531), trustee (*Parker v. Hood, Comr.,* 209 N. C., 494), "Mortgage Pool Account" made up of sums due guardians, executors, administrators, and other fiduciaries (*Cocke v. Hood, Comr.,* 207 N. C., 14, 175 S. E., 841). Especially is this so when, as here, the *cestui* agrees that the cash deposits in the hands of the custodian shall be "treated like other savings deposits," retains control over the disposition of the funds, and receives interest thereon.

Under the foregoing authorities, the trial court was justified in holding plaintiffs' claim properly provable as one of commonalty, and not one of preference.

The cases of *Andrews v. Hood, Comr.,* 207 N. C., 499, 177 S. E., 636; *Zachery v. Hood, Comr.,* 205 N. C., 194, 170 S. E., 641; *Cocke v. Hood, Comr.,* 205 N. C., 832, 170 S. E., 637; *Lauerhass v. Hood, Comr.,* 205 N. C., 190, 170 S. E., 655; *Flack v. Hood, Comr.,* 204 N. C., 337, 168

S. E., 520, cited and relied upon by plaintiffs, are distinguishable by reason of different fact situations.

The judgment is supported by the decisions first above cited.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.