FRANK W. BROOKSHIRE v. GURNEY P. HOOD, COMMISSIONER OF BANKS, EX REL. CENTRAL BANK & TRUST COMPANY OF ASHEVILLE, N. C.

(Filed 14 October, 1936.)

1. **Banks and Banking H e—**

    Property bequeathed to a bank to be held by it in trust and used by it in the education of testatrix' grandson, and balance remaining to be paid him upon his majority, *is held* to entitle the grandson to a preference in the bank's assets upon its insolvency upon his majority, no part of the fund having been used for his education.

2. **Same—Claim of nonresident filed six years after receivership held not barred in absence of actual or constructive notice of receivership.**

    The preferred claim of a nonresident against an insolvent bank is not barred because not filed until three and a half years after his majority and six years after its receivership, when the nonresident had no notice, actual or constructive, of the bank's receivership until the time of filing claim, and an action thereon begun before the expiration of ninety days from the rejection of the claim can be maintained.

APPEAL by defendant from *Phillips, J.,* at Chambers in the city of Asheville, N. C., on 16 September, 1936. Affirmed.

This is an action to have plaintiff's claim against the Central Bank and Trust Company, of Asheville, N. C., an insolvent banking corporation now in the hands of the defendant for liquidation, adjudged a preferential claim, and entitled to payment as such by the defendant out of assets in his hands belonging to the estate of said insolvent banking corporation.

On the facts admitted by the parties and found by the judge by consent, it was ordered and adjudged by the court that plaintiff's claim against the Central Bank and Trust Company, of Asheville, N. C., for the sum of $1,538.89, is a preferential claim, and that plaintiff is entitled to have his claim for said sum paid by the defendant as such. The defendant appealed to the Supreme Court, assigning as errors the conclusions of law made by the judge on the facts found by him.

*William J. Cocke, Jr., for plaintiff.*
*Johnson, Rollins & Uzzell for defendant.*

PER CURIAM. On 13 June, 1921, the Central Bank and Trust Company, of Asheville, N. C., received from the executor of Mrs. Julia E. Brookshire, deceased, the sum of $1,120.00, which was paid by the said executor to the said bank and trust company, pursuant to the provisions of Item 2 of the last will and testament of the said Mrs. Julia E. Brookshire, which are as follows:

"ITEM 2. I give, devise, and bequeath to the Central Bank and Trust Company, of Asheville, North Carolina, one thousand dollars out of my estate, to be held by said bank and trust company as trustee, and to be used by it in the education of my grandson, Frank William Brookshire, son of my son, Emmett B. Brookshire. If there is any part of said sum not consumed in the education of said Frank W. Brookshire, then the said Central Bank and Trust Company, trustee, shall pay over the same to the said Frank William Brookshire when he attains the age of 21 years."

No part of said sum was expended by the Central Bank and Trust Company, trustee, for the education of the plaintiff. He attained the age of 21 years on 12 December, 1932. In recognition of its insolvency at said date, the Central Bank and Trust Company, on 30 November, 1930, surrendered all its assets to the defendant for liquidation, as provided by law. The plaintiff, who is a resident of the State of Utah, had no notice, actual or constructive, of the insolvency of the Central Bank and Trust Company until on or about 1 July, 1936, when he filed his claim for the amount due him by said bank and trust company with the defendant.

The claim was rejected by the defendant on 6 July, 1936. This action was begun before the expiration of ninety days from the date of such rejection. The amount of the claim is now $1,538.89.

On these facts, there was no error in the conclusions of law on which the judgment was rendered. The judgment is affirmed on the authority of *Andrews v. Hood, Comr.,* 207 N. C., 499, 177 S. E., 636.

Affirmed.